Per Cur.

The present case is extremely clear, and would have been deemed so before the resolution in Soulle v. Ger-rard, Temp. Eliz. Where the words of a will are plain, the intent always follows the words. (See 2 And. 17. 4 Burr. 2246. 5 Bac. Abr. 525.)
It is true, the intent of a devisor may be implied where the words are defective, but not against the words of the will. [Moor, 464.] We cannot from arbitrary conjecture, though founded on the highest degree of probability, add to a will, or supply the omissions. [3 Burr. 1634.] We should do manifest violence to the testator’s expressions; if we did not say, that the remainders over could only take place on the happening of both contingencies, — the grand children who were the primary devisees dying under age and without issue.
The cases cited by the.defendant’s counsel, go very far to shew what would have been the legal construction, if the testator had made use of the disjunctive, “or” instead of the conjunctive “and.” — But as the will before us is penned, there can be no possible doubt.
As to the manner bf taking the verdict: The practice certainly is, where a point is reserved, the verdict should be entered for the plaintiff. (2 Barnes, 366. Kemp v. Stafford et al.) But where the whole court have no doubts or difficulties, *413 we could not easily be prevailed on to direct a verdict against the settled judgment of our minds. The verdict should therefore be given for the defendant, and if the plaintiff is dissatisfied with our opinion, he may move the court for a rule to shew cause why a new trial should not be had.
Cited in 2 Binn., 544; 3 S. & B.., 488.
The jury gave a verdict for the defendant, without leaving the bar.