A. devised "all his estate, real and personal, to his six children, by name, to be equally divided among them, share and share alike; but if any one of them should die before arriving at full age *or* without lawful issue, that then his, her, or their part should devolve upon, and be equally divided among the surviving children, and their heirs and assigns for ever." All the children survived the testator; four of them afterwards died, leaving issue, and the fifth, after arriving at full age, died, intestate, and without lawful issue, having previously conveyed his share of the estate; it was held that the word "*or*," was to be construed as "*and;*" so that the devise over did not take effect; and the surviving child was not entitled to the share of the one dying without lawful issue. See *S. C. 3 Johns. Rep.*292. contra.

JACKSON, *ex dem.* BURHANS and WIFE, *against* BLANSHAN.

THIS was an action of ejectment. The lessors of the plaintiff claimed title to the premises in question, by virtue of the last will and testament of *Mathys Blanshan,* dated, 21st *April,* 1770; by which the testator, after giving some legacies, disposes of his real and personal estate as follows :

" I give and bequeath to my six shildren, *Johannis, Jacob, Matthew, Anna, Cathariene,* and *Brachie,* and to their heirs and assigns, for ever, all the remainder of my real and personal estate, which I hold by patent, deed, bond, or any other instrument whatsoever, to be divided equally among them all, share and share alike, viz. each of my above-named six children, to have the one-sixth part of my estate, moveable and immoveable, which shall be in my possession when I depart this life ; but if any one or more of my above-named children should *die before they arrive to full age, or without lawful issue,* that then his, her, or their part or share of my estate shall devolve upon and be equally divided among the *rest of my surviving children,* and to their heirs and assigns for ever."

The testator died seised of the premises in question, in 1784, and his six children, named in the will, all survived him, and had arrived to full age in his life-time. Shortly after his death they came to a division of his estate, and each child became separately possessed of one-sixth part thereof.

*John, Jacob, Anne,* and *Cathariene,* all died, in the life-time of *Matthew* and *Brachie,* each leaving, at full age, issue, who are still living.

*Matthew* never married, and died intestate, in 1804, without lawful issue. *Brachie,* the wife of *Burhans,* one

of the lessors, is the only surviving child of the tes-
tator.

Some years previous to his death, *Matthew* mortgaged
his part of the estate devised to him, by his father's will, to
the new loan officers of *Ulster* county. The mortgage had
become forfeited, and the premises were sold and con-
veyed, by virtue of the mortgage. The defendants are in
possession of the premises, under a conveyance from the
mortgagees.

A verdict was taken for the plaintiff, by consent, sub-
ject to the opinion of the court, on the above case. The
question was, whether the lessors have any, and and what
interest in the premises which were devised to *Matthew*
by the said will. It was agreeed, that if the lessors of
the plaintiff are not entitled to recover, that a nonsuit
should be entered.

*L. Elmendorf* and *Hawkins*, for the plaintiff, cited 3
*Johns. Rep.* 292. 7 *Term Rep.* 595. 3 *Term Rep.* 143.
*Cro. Jac.* 590. 6 *Term Rep.* 30. 2 *P. Wms.* 347. 1
*Atk.* 457. 4 *Term Rep.* 300. 1 *P. Wms.* 434. 2 *Vernon*
388.

*Sudam*, contra, cited *Plowd. Comm.* 289. *Moore*, 422.
*Pollexfen's Rep.* 645. 3 *Atk.* 193. 1 *P. Wms.* 434. 6
*Term Rep.* 30. 2 *Vesey*, 249. 5 *Bos.* and *Pull.* 38. 9
*East*, 366.

KENT, Ch. J. delivered the opinion of the court. This
case was formerly before the court upon a question of evi-
dence, as well as upon the construction of the will. (3
*Johns. Rep.* 292.) The court then directed a nonsuit, on the
ground that the will had been admitted in evidence with-
out due proof; and they also examined into the construc-
tion which the will ought to receive. This was not in-
deed requisite, considering the course which the cause

then took; and the question did not, perhaps, receive all the investigation which would have been given to it, had it been more fully argued, or been made a turning point in the cause.

The question on the construction of the will, is again, and singly, presented to the consideration of the court. The opinion before given was confined to the effect of the devise over, as an executory devise, assuming that the contingency, on which it depended, had happened. Our attention was not before directed to the question on the contingency itself, as the point was never distinctly raised upon the argument, nor the authorities cited. We have now been enabled to take a more full and entire view of the subject, and we are satisfied, that what was before inadvertently assumed, viz. that the contingency creating the executory devise had happened, was not warranted. This is the literal and grammatical, but not the established construction of the like words in a will; and though the very point has long been a *vexata quæstio* in the *English* courts, it has at length been definitively settled by the highest authority in *Westminster-Hall*.

The question is on the construction of these words :— " But if any one or more of my above-named children should die *before they arrive to full age, or without lawful issue*, that then, his, her, or their part or share of my estate shall devolve upon and be equally divided among the rest of my surviving children."

*Matthew*, one of the sons, died without lawful issue after he was of full age, and after he had parted with the estate by a title, under which the defendants now hold, leaving *Brachie*, one of the lessors, as the only surviving child of the testator. It is settled that the devise to *Matthew* became absolute, as soon as he arrived at the age of 21, though he had no lawful issue, and that the devise over did not take effect.

The history of the long-continued litigation on the construction of the above words in a will, shows the difficul-

ty of giving any exposition which shall be equally sound and acceptable.

The earliest case is that of *Soulle* v. *Gerrard*, in the 37 and 38 of *Eliz.* (*Moore*, 422. *Cro. Eliz.* 525.) which arose in the C. B. upon a special verdict. The devise was to the son and his heirs, but if he died without issue or within the age of 21 years, then to the other sons. The devisee died under age, leaving issue, and after solemn argument, it was held that the issue took the land and not the remainder-man ; and the word *or* was construed to be a copulative, and to mean *and*. The next case was that of *Price* v. *Hunt*, 36 *Car.* II. in the exchequer. (*Pollexfen*, 645.) The devise there was to the son, in fee, with a remainder over, depending on the same contingency, of his dying before the age of 21, or without lawful issue. The son arrived to full age, but died without issue. The remainder-man claimed the estate, and brought an ejectment against the heir at law of the son. Lord Ch. J. *Pollexfen* has preserved a very able argument in favour of the defendant, and which he delivered himself, and the judgment was given for the defendant. It was admitted that the word *or*, if taken in its proper grammatical sense, as a disjunctive, might support the plaintiff's title ; but it was contended for, as an established rule, (and in this lies the strength of the argument,) that the words *or* and *and* are not, in deeds and wills, to be always held to a strict grammatical sense, but *or* is to be taken for *and*, and *and* is to be taken for *or*, as may best comport with the intent and meaning of the grant or devise.

In *Woodward* v. *Glasbrook*, (2 *Vern.* 388.) Lord Ch. J. *Holt* departed from these decisions, and restored the word *or* to its grammatical sense. In that case the testator devised lands to his two sons, and adds "but if any of my said children shall die before 21, or unmarried, his part shall go to the survivor." In an ejectment, before *Holt*, he held the word *or* to its proper disjunctive

NEW-YORK,
May, 1810.

JACKSON
v.
BLANSHAN.

sense, and that one of the sons dying after 21, but unmar-ried, his moiety went to the survivor. In *Barker* v. *Suretees*, (2 *Str.* 1175.) the same point arose again in the K. B. on a writ of error, and Sir *John Strange* says, that after several arguments, the court decided, on the authority of *Price* v. *Hunt*, just cited, that the word *or* was to be read conjunctively. The same construction was adopted, after argument, in the cases of *Walsh* v. *Peterson*, (3 *Atk.* 193.) *Frammingham* v. *Brand*, (1 *Wils.* 140.) and *Wright* v. *Kemp*, (3 *Term Rep.* 470.) And the point seemed to have been definitively settled, when the case of *Fairfield* v. *Morgan*, (5 *Bos.* and *Pull.* 38.) so late as the year 1805, was brought from the K. B. in *Ireland*, before the house of lords. That was precisely on the same point which arose in the case of *Moore*, and which had never ceased, for two centuries and a half, to be a subject of contention. A. devised lands to B. but "if he should die before he attained the age of 21, or without issue living at his death," then a devise over to C. B. attained the age of 21, and died without issue. It was held first in the C. B. and then in the K. B. in *Ireland*, and finally in the house of lords, in *England*, that *or* must be construed as *and*, and that the devise over to C. did not take effect. The case received great consideration and discussion, and notwithstanding the very able argument of Mr. *Plumer* and Mr. *Hargrave*, in favour of the grammatical sense of the word, the lords, upon the opinion of the judges, affirmed the judgment below. The question was again agitated, about three years afterwards, in the K. B. (9 *East*, 366.) and the disjunctive sense of the word *or* feebly endeavoured to be supported, but the decision of *Fairfield* v. *Morgan* was considered as closing the controversy for ever.

It is now to be hoped that the question on the construction of those words in a will, will never hereafter be revived. It is important that when a question of this kind has become once settled, (and it is almost immaterial

which way,) that it should not be disturbed, for it grows into a landmark of property.

We are, accordingly, of opinion, that judgment must be rendered for the defendants.

Judgment for defendants.