Pütnam J.
delivered the opinion of the Court. The question is, whether the promise is to be considered as an original or a collateral undertaking. We think it was the latter. The defendant was to be responsible and pay to the plaintiffs for whatever goods had been or might be delivered to Thomas C. Case. The claim of the plaintiffs is for goods delivered after the making of the promise ; for which Case gave to them his negotiable note. If he were not the principal debtor, it is difficult to account for the plaintiffs’ having taken the note' of him. They must have understood that he was liable in the first instance. It would follow, that the meaning of the parties to the contract now in question was, that the defendant was to be liable to pay if the principal debtor did not, and if the defendant should have reasonable notice of the default of the principal. If the person for whose use the goods were furnished was liable, the party making the collateral promise can be compelled to pay only by a special action of assumpsit stating the particular circumstances of the promise, and not on *139 a general indebitatus assumpsit for goods sold to the defendant, or to another at the defendant’s request. 1 Wms. Saund. 211 a.
The guaranty was of a debt thereafter to be created. ' It was of a collateral matter, and not of the mere debt of the defendant. He had no means, or certainly not so good means as the plaintiffs had, of knowing the quantity of goods, and the value of the same, that the plaintiffs should deliver to Case. The general principle is well stated in Norton v. Eastman, 4 Greenl. 521, that where the party cannot know beforehand whether he is ultimately to be liable or not, nor to what extent, it is necessary, in order to charge him, that he should have reasonable notice. It seems to us to be very clear, that the defendant would not be liable to pay until after notice of the amount of the goods which the plaintiffs had delivered, and a special request to pay for them. Com. Dig. Pleader, C 69, C 73, C 74. The case is in many respects like that of Duval et al. v. Trask, 12 Mass. R. 154; which was an undertaking to be responsible for goods which should be furnished to the defendant’s brother. The goods were delivered in 1809, and the action was tried in November 1814. But it appeared in that case, that the plaintiffs had made inquiries respecting the brother and that he was unable to pay, and that the defendant was notified of the failure of his brother to pay the debt, on July 19, 1812, and the defendant replied, on the 26th of the same July, recognizing his liability. And upon these facts the Court were of opinion that the defendant was liable. But it does not appear in the case at bar, that the defendant had any notice, before this action was commenced, of the amount of goods which were delivered upon his guaranty, to Thomas C. Case.
In the case of Sturgis v. Robbins, notice and request were proved, notwithstanding the undertaking was to pay a certain sum at a certain time, if the principal did not pay.
In the case of Cremer v. Higginson, 1 Mason, 224, the defendant had guarantied the advances which should be made, to the amount of 50,000 dollars, and it was held that notice of the advances should be given in a reasonable time ; and if it were not, and a material alteration should have happened in *140 regard to the pecuniary circumstances of the principal debtor in the mean time, the guarantor would be discharged.
We do not think that the making of the note by Case, is to be considered as a bar to the claim of the plaintiffs, upon the contract of the defendant.
The plaintiffs may discontinue; and if there has not been any material change of circumstances in regard to Case, they may perhaps now give the notice and make the request which we think to be prerequisites to an action upon this guaranty.