DOE, on the demise of JAMES FERGUS, *vs.* ROE, and THOMAS ROBINSON.

A devise "to A and her heirs forever; but if she should die before she arrives at lawful age, *or* has heirs lawfully begotten of her body, then to B," is a fee simple in A with an executory devise over to B, and *not* an *estate tail.*

*Or* may be changed to *and* to effectuate the intention of the testator.

EJECTMENT.

James Fergus, by will bearing date seventh February, 1797, devised as follows: "I give and bequeath to my beloved daughter, Eliza Fergus, all my real and personal estate, to her and her heirs forever—but if my beloved daughter Eliza Fergus should die before she arrives at lawful age, or has heirs lawfully begotten of her body, then my will and desire is that it goes to my brother Francis Fergus that was living in Rockbride county, New Virginia (when I heard from him last) to him, his heirs and assigns forever."

Eliza Fergus married John Smith and died leaving one child, who died before John Smith and without issue.

This ejectment, with others at the present term, was brought by the heirs at law of Francis Fergus the devisee over in the afsd. will of James Fergus under the idea that Eliza Fergus took but an *estate tail* by the said will. But the plff.'s counsel frankly abandoned this construction when the cases were called for trial, and ordered them discontinued. *(a)*

*(a) Note by Mr. Black.*—Where there has been a devise of lands to A.

JOHN DOE, lessee of JAMES MARTIN *vs.* RICHARD ROE, casual ejector, and JAMES ROACH tenant in possession.

SAME PLAINTIFF *vs.* ROE, and ISAAC WHITE tenant.

in fee, accompanied by a proviso that if he should die under age *or* without issue then over to B. in fee, there can be little difficulty at the present day either upon the obvious intent of the testator, or on well settled authority, in coming to a conclusion whether the estate given to A. is to be defeated on the happening of one of the events, or whether both must occur to deprive him of the estate—in other words—whether the word "or" is to be taken conjunctively or disjunctively.

In construing wills the leading object to be sought for is the *intention* of the testator—this, when ascertained, is to prevail, unless it conflicts with some settled rule of law. In the devise above stated, who is the first object of the testator's bounty, and who in the first place does he mean to benefit?—unquestionably A. the first devisee. The second object is the children of A., for if he leaves children dying under age, B. gets nothing by the will. But if there be no issue and A. die under age then the property goes to the third object of the testator's bounty which is B. Now would it comport with the intention of the testator so to construe the will that either the first or second object of his regard should be defeated and in their place the third object substituted, or that B. should take in preference to A. or the issue A. might have—and yet this would result if you construe "or" as a disjunctive: whenever A. should die under age, leaving issue to survive him the issue would be deprived of the estate although they were the second object of the testator's regard, and B. the third object would be entitled to it. The issue, though as in many cases grand children, would be excluded, and B. a more distant relative or stranger in blood would take the estate. It could not be his intention to disinherit his grand children or deprive them of the estate merely because their father A. had not at his death reached twenty-one. Again; by the devise he gives to A. an estate in fee, but if you construe "or" in the proviso as a disjunctive, you in fact reduce it to a life estate; it would follow that A. neither could sell or mortgage it, for his estate would cease if at his death he left no issue living—until his death it could not be ascertained whether his estate was one for life or in fee. To provide for A. and place the estate absolutely at his disposal if he attains age, and not limit him to a mere life estate because he has no children although he may have a wife and dependent family and to provide for the issue of A. if he dies before the age of twenty-one, and the period at which he could by will make provision for them, would seem to be the reasonable and obvious design of every testator in such a devise as that stated; and to provide for B. only on A. failing to attain twenty-one, and leaving no issue. If a question can be held as settled by repeated adjudications, this, of construing

Fourthly. *I give and bequeath unto my beloved daughter Eliza Fergus the remainder part of all my real and personal estate to her and her heirs forever except she should die without an heir*

"or" as a copulative, must now be taken as one of them, both in England and in this country. It was originally considered in the case of *Soulle* vs. *Gerrard* in 1596 *(Croke Eliz. 525)* and the court inclined to consider "or" as a copulative—after this repeated decisions have been made construing it in the same way: amongst these may be noted *Barker* vs. *Suretees,* 2 *Strange* 1174; *Walsh* vs. *Peterson,* 3 *Atky* 193, *and* 9 *Modern* 444; *Framlingham* vs. *Brand,* 3 *Atky.* 390; 1 *Wilson* 140; *Collinson* vs. *Wright,* *Siderfin* 146-8; *Price* vs. *Hunt, Pollexfen* 645; *Hanbury* vs. *Cocherell,* 1 *Rolles ab.* 334; *Beachcroft* vs. *Broome,* 4 *Term.* 441; *Lessee of Wilkins* vs. *Kimmeys,* 9 *East* 366; *Eastman* vs. *Baker,* 1 *Taunton* 174. It was finally placed at rest in 1805, by a decision in the house of lords in the case of *Fairfield* vs. *Morgan,* 5 *Bos. and Pull.* 38. This construction has been adopted in the United States in the cases of *Richardson* vs. *Noys,* 2 *Mass. Rep.* 56; *and Ray* vs. *Enslin, in the same book* 554; *Hauer's Lessee* vs. *Shitz,* 2 *Binney* 532; 3 *Yeates* 241; *Holmes* vs. *Holmes Less.* 5 *Binney* 252; *Lillebridge* vs. *Aide,* 1 *Mason* 224; 2 *Peters Rep.* 568; *Cheeseman* vs. *Wilt,* 1 *Yeates* 411; *Jackson on demise of Burham* vs. *Blansham,* 6 *Johns.* 54. This construction has now become a fixed rule of property and ought to stand as a land mark not to be shaken or disturbed. The estate of A. is contingent and is settled and ascertained by *either* event occurring—on either event happening—*attaining age or having issue* the estate over is gone and the concurrence of both events is not necessary. But the important question remains—of what estate is A. seized. Is it an estate in fee with a good limitation over by way of executory devise to B. in the event of both contingencies occurring; or is it an estate in fee tail, with a remainder over to B. contingent on the death of A. under age and without issue?

There are a variety of cases in which this question or one very similar and not to be distinguished from it in principle, has been agitated and decided. We have in Croke Eliz. 525 as early as 1596 the case of *Soulle* vs. *Gerrard* in which a father devises his lands to Richard one of his sons and his heirs forever; and if Richard died within the age of twenty-one, "*or*" without issue, that then the land should be equally divided amongst his three other sons:—Richard died within age having issue. The court held the devise to Richard to be an estate tail; they rejected the limitation "dying under twenty-one," as void because a remainder or a fee could not be limited after a fee, and construed the will as if there had been but the single contingency "dying without issue." When this decision took place the doctrine of executory devises had not been defined or settled with any degree of certainty. This branch of the law was introduced for the purpose of carying into effect the design and will of the testator; for when it was manifest that the devisor intended to create a remainder contingent on some specified event, and when by the settled rules of law the proviso could not operate as a remainder, and the will in this way be carried into effect, courts of law cautiously and slowly held and recognized such limitations to be good by way of executory devise, out of indulgence to wills and in order that they might have the effect that it was clear it was intended by them. One of the earliest cases in which this principle was recognized is that of *Fulmerston* vs. *Stewart,* which was decided in the same year with the case of *Soulle* vs. *Gerrard (*1596*)* and is referred to in 1 *Strange* 130; *Roll.* 867; *Croke Jac.* 592. This was followed in 1619 by the case of *Pell* vs. *Brown, Croke Jac.* 590 which is the leading case in this branch of the law. The Duke of Norfolk's case (in 3 *Ch. Cases* 1 *and* 2 *Ch. Rep.* 229,*)* in the year 1635, and the case of *Stephens* vs. *Stephens* in 1736 reported in cases tempore Talbot settled with precision

*born of her own body; then my will and desire is that all the last above real and personal estate goes to James Martin, him and his heirs forever."*

the limits of this doctrine. Had this doctrine been understood at the time when the case of *Soulle* vs. *Gerrard* was decided, as it is now settled, the court would not have decided as it then did that a fee or a remainder could not be limited after a fee and that the limitation "dying under age" should be rejected as *"vain"* or *"void"* and the will construed as though such provision had not been inserted in it. A limitation over after a fee is by the law as now established held good by way of executory devise. If in the case in Croke Eliz. Richard had attained twenty-one and died having no issue, by the reasoning of the judges and the principles declared, the limitation over would have been good as a remainder, and the estate of Richard gone because they held *"dying under age"* a void limitation, and yet the courts at this day hold this limitation not void, but of great importance in ascertaining the nature of the estate devised, and would come to a contrary conclusion as to the estate of Richard at his death. As the doctrine of executory devises grew into favor and became engrafted by decision into our jurisprudence, the limitation "dying under age" ceased to be held as *"vain"* and *"void"* and was laid hold of as evincing that when the testator in the other contingency used the words "dying without issue" he did not intend to limit the term *"heirs"* used in the first part of the devise to heirs of the body, but by introducing that other contingency to provide a conditional limitation to another devisee not dependant merely on the "dying without issue."

The devise in this will independent of the proviso gives clearly an estate in fee—it is a vested fee—defeasible only on the contingency in the proviso. That contingency is not a condition precedent, but when it occurs it operates to annihilate the estate given in the first devise and to carry into effect the estate given in the second devise. The estate in fee first given is only to be defeated or changed, if the daughter "dies under age *and* without issue," for the authorities are conclusive that the word "or" in a devise like the present is to be taken conjunctively. If she attains twenty-one she is to have an estate in fee although she may have no issue, Is not this clearly the intention of the father, that if his daughter attains age the estate is hers to do with as she pleases; would not this design be defeated by holding that she took but an estate tail. Her fee simple controul of the estate would be gone—she could not devise it—if she had issue one child would take and the others be excluded; and this too when the contingency on which she was to be deprived of an estate in fee never has occurred nor never can occur. Her estate in fee is, by the proviso, not to be defeated if she either attains age or leaves issue; she has left issue; the estate therefore first given is not altered. To hold this to be an estate tail would change the character of the devise against the express words of the will and the design of the testator—you would impair the extent of the devise to the daughter if you permitted the word "issue" used in the proviso to restrict the word "heirs" to heirs of the body, when it is apparent from the other branch of the proviso that it is not to be impaired or the devise in fee defeated, if she attains twenty-one although she may leave no heirs of the body. Had the proviso contained the single contingency of the daughter "dying before she has heirs lawfully begotten of her body" there could be no question that the fee first given would have been cut down to an estate tail and the limitation over would be void as an executory devise as being too remote and founded on an indefinite failure of issue, for there being but a single contingency it would be manifest that heirs of the body were the only heirs the testator intended should inherit; but where he has said in effect, if not in terms, that the daughter shall not be deprived of an estate in fee if she left issue although

The plff. began his show by a possession in Hannah Heavilo as far back as the year 1788. She continued in possession until her death, in 1796, and devised the premises in dispute to her three sons, John,

she might not arrive at twenty-one, or if she arrived at twenty-one, although she might not have had or left issue, and she has either reached twenty-one or left issue, to hold that her fee was reduced to an estate tail, would do violence to the testator's intention.

When to the words "-dying without issue" there is added "or before 21 years of age" these latter qualify the estate first given with a collateral determination and one different from the mere "dying without issue" and carry into effect a conditional limitation to another if the prescribed contingency (dying under age, also without issue) happen, and if it does happen a defeasance of the fee simple is effected—but if the entire contingency, dying both without issue and under age does not happen, the estate as first given to the daughter, her heirs and assigns forever, is not altered or abridged or reduced to an estate in tail. The event on which it was to be divested has never taken place nor cannot, for the daughter died leaving issue, and it was only to be divested if she left no issue—if she left issue or reached age the first estate was to stand and that was a fee; she has left issue and had therefore an estate in fee at her death in the lands devised. The daughter therefore took an estate in fee under this will with an executory devise over to the brother of the testator in the event of her dying under age and without issue—the devise over was good—it was not to take place on an indefinite failure of issue but a failure within the daughter's minority, the age of 21 years, and was not therefore too remote. The devise over has failed, inasmuch as the daughter did not die under 21 without issue: on her death leaving issue, the devise in fee became absolute.

This construction of this devise certainly conflicts with the case of *Soulle* vs. *Gerrard,* but that case or the principle it assumes cannot now be recognized as law, and is in direct contradiction to almost all the cases of a similar character which have been since decided in the courts in England and in this country. In one case that of *Hilliard* vs. *Jennings,* reported in 1 *Lord Raymond* 505, 12 *Modern* 276 Lord Holt in referring to *Soulle* vs. *Gerrard* appeared to acquiesce in the decision there made of the estate being an entail, but the case of *Hilliard* vs. *Jennings* was decided on another point the want of competent witnesses to the will. *Brownsord* vs. *Edwards,* 2 *Vezey* 243, was a devise to the son and the heirs *of his body* and not in fee, and lord Hardwiche in construing it an estate tail said he would not have done this if the first devise had been to A. and his heirs, for on such a contingency courts had not changed *heirs* into heirs of the body. I have not been able to find any subsequent case which by express adjudication of the point confirms the principle in the case of *Soulle* vs. *Gerrard* that such a devise gives an estate tail; but on the contrary, wherever the limitation over has depended on a contingency like that in this will which has a double aspect; or where two conditions, qualifications or circumstances are to occur, the courts uniformly refuse to consider the devise as creating an estate tail. Chief Justice Mansfield in *Eastman* vs. *Baker,* 1 *Taunton* 179 says "an estate tail has never been given upon a will like this where one of the contingencies is the event of a devisee dying under age."

The following are some of the many cases found in the books declaring a devise like that in the present will to give an estate in fee and not in tail. Mr. Fearne in 2 vol. p. 18, cites from 1 Rolle's Ab. 334 the case of *Hanbury* vs. *Cocherel* where a father devised to two sons in fee, each a tract of land, with a proviso that if either should die before he married or before he attained twenty-one, and without issue, then over to the survivor—in which it was held that the sons took in fee subject to a limitation to the sur-

Roderick, and Edward Heavilo, in fee, to be divided, two shares to John and one share each to the others. She nominated John and Roderick her executors. John and Edward entered into possession

vivor for life in case of either dying unmarried or under twenty-one without issue. In 1684, the case of *Price* vs. *Hunt*, reported in Pollexfen 645, and cited by Mr. Plumer and Mr. Hargrave in their argument in the case of *Fairfield* vs. *Morgan*, 5 *Bos. & Pul.* 45, was decided: A. devised lands to his wife till his son B. should attain fourteen, and if she should die before that time then to B. his heirs and assigns forever; and in case his son should die "before he should attain the age of twenty-one years *or* have issue of his body lawfully begotten living" then to the wife for life, and after her death to the testator's brother-in-law and his heirs. The mother died after B. came to fourteen, but before he arrived at twenty-one: B. attained 21, and died without issue. The heir of B. recovered the land, of course on the ground that B. took a fee, for there was no issue. In the case of *Collinson* vs. *Wright*, *Siderfin* 146-8; 4 *Bacon* 251 the testator devised his land to his son and heir, and if he dies before his age of twenty-one years and without issue of his body then living, the remainder over. The son arrives at 21 and sells the land and the sale held good for he had a fee simple presently, the estate tail being to commence on a subsequent contingency. In 1743, the case of *Barker* vs. *Sureties* was decided in the Court of Kings Bench and is to be found in 2 *Strange* 1174. That was a devise to a grandson, his heirs and assigns, but in case he dies before he attains the age of twenty-one years or marriage and without issue, then over. The grandson attained 21 and died without ever having married. It was held that the attaining 21 was a performance of the condition and vested the estate absolutely in the grandson. In the case of *Walsh* vs. *Peterson* decided in the court of chancery in 1744, and reported in 3 *Atky*. 193, and also in 9 *Modern* 444, which was a devise of two thirds of all the testator's real estate to his son, his heirs and assigns forever; with a proviso that if his son die before he shall attain 21 years *or* without issue [In 9 *Modern* it is—*and without issue*] then to the testator's wife, her heirs and assigns. Lord Hardwiche held it a vested fee in the son, as he had attained 21, though he died without issue, and descended to his heir at law. In 1746, the same lord chancellor decided the case of *Framlingham* vs. *Brand* which is to be found in 3 *Atky*. 390, and 1 *Wilson* 140. That was a devise to the testator's son Robert, his heirs and assigns forever; and in case he shall happen to die in his minority, *and* (in Wilson 140) unmarried, or without issue, then to his son Henry and his heirs: Robert came of age and married but died without issue, leaving debts due by specialty. It was held that Robert took a fee with an executory devise over to Henry, and that on coming of age, the limitation over was defeated, the estate vested in Robert absolutely and was subject to his debts due by specialty. In *Beachcroft et al* vs. *Broome* decided in 1791, 4 *Term* 441, it was held that under a devise to A. and his heirs, but if he die without settling or disposing of the same, or without issue, then over, that A. by settling or disposing of the estate in his lifetime defeated the limitation over, and that he had the right under such a devise to do so. The case of *Fairfield* vs. *Morgan* in 1805, 5 *Bos. & Pull.* 38, originated in the court of common pleas in Ireland, and was decided with the concurrence of all the judges in that court. On a writ of error taken to the king's bench in Ireland it was affirmed by that court one judge only dissenting. On a writ from the house of lords, it was heard at the bar of that house on a very able argument, and the opinion of the judges asked for and taken, and on being given the previous judgments were affirmed. The testator in that case devised all his estates to his brother, subject to an annuity of fifty pounds to his mother—but if the brother should die under the age of 21 years or with-

.after the death of their mother: Roderick went off and has not been heard of for many years.    Mrs. Heavilo's will was duly proved on the fourth January, 1796, and to prove the grant of letters testamen-

out issue living at his death, then over to his mother.    The brother attained 21, conveyed the estates and died without issue.    Held that the word "or" must be construed "*and*" and that the mother took nothing on the death of the brother as on attaining 21 the absolute estate vested in him.    In this opinion all the judges both in England and Ireland concurred with one single exception.    In 9 *East* 366 is the case of the lessee of *Wilkins* vs. *Kimmeys* which was a devise to A. for life—remainder to B. and her heirs, but if B. die before A. *or* without heirs of her body, over to C.: *or* was construed "and" and it was held that the devise over could not take effect unless B died before A. and without issue.    The devise to A. was held to be a fee if the property was freehold, of which there was some question—(See the opinions of lord Ellenborough, chief justice, and justice Blanc.)    The case of *Eastman* vs. *Baker* in 1808, 1 *Taunton* 174, was a devise to a daughter and her heirs forever, but if she should die without issue or not having attained 21, then over, was held to be an estate in fee with an executory devise over contingent on the daughter dying in the lifetime of the mother under 21 and without issue.    The lessee of *Day* vs. *Day*, 16 *East* 67 was a devise to a son in fee; but in case the son die under 21, or shall have no issue male or female, then over to his daughter in tail, she being surviving. The son attained 21, left issue and devised the estate to his wife.    The son of the devisee, the heir in tail, brought the ejectment and it was held that the son took under the devise an estate in fee and not an estate tail.

The principles established in these cases have been recognized and sustained by several decisions in the United States.    In *Ray* vs. *Enslin* in 1799 in 2 *Mass. Rep.* 554, where lands were devised to testator's wife for life, and after her decease, to his daughter and her heirs forever; but in case the daughter should die before she came to age or had lawful heir of her body, then over, it was held that the daughter took an estate in fee simple, defeasible on the contingency provided for.    This case is cited in 5 *Binney* 255, and in 4 *Bacon* (Wilson's Ed.) 293, as is also the case of *Richardson* vs. *Noyes*, 2 *Mass. Rep.* 56, to the same point.    In *Ray* vs. *Enslin* the daughter attained age, had issue and aliened the land, and the question in this case was between the issue and alienee of the daughter.    *Hauer's lessee* vs. *Shitz*, in 1807, 2 *Binney* 532, was a devise to a son and his heirs forever, subject to the payment of a sum of money to his brother; and in case the son should die under 21 or without issue, then over: and was held a fee simple in the son with an executory devise to take effect on his dying under age *and* without issue and that as the son attained 21, though he died without issue, the estate descended to his heir.    In 1812, *Holmes* vs. *Holmes' lessee* was decided and is reported in 5 *Binney* 252.    It was a devise to a grandson, his heirs and assigns forever, to be entered on and taken possession of as soon as he arrives at 21, or marries.    But if he die under age or without issue, then over: and it was held that "or" should be read "and" and that the devisee having attained 21, his estate became indefeasible and descended to his heir at law.    In 1810 in the state of Newyork the case of *Jackson* on the demise of *Burham and wife* vs. *Blansham* was decided and is found in 6 *Johnson* 54.    The devise was to six children in fee in equal shares: but if any one of them should die without issue or before they arrive to full age then his share should go over to the survivors: one of them attained 21, mortgaged his share and died without issue.    It was held that the devise to him became absolute on his arriving at 21 and that the holders under his mortgage had complete title.    In *Lillebridge* vs. *Aide*, 1 *Mason* 224, cited in 2 *Peters Con. Rep.* 568 it was held that a devise over after

tary the plff. gave in evidence a testamentary bond of the same date, filled up in the names of John and Roderick Heavilo as principals, and James Elliott as surety, and conditioned, in the usual form, for the faithful administration of Hannah Heavilo's estate by John and Roderick Heavilo, her executors. This bond was executed by John Heavilo and James Elliott *only.* John Heavilo, by his last will and testament, duly proved and allowed, constituted Benjamin Johnson his executor, who took out letters and gave bond and surety in due form.

The plff. then offered in evidence the petition of Benjamin Johnson, executor of John Heavilo, who was the executor of Hannah Heavilo to the orphans' court of Sussex county for an order to sell the land of the said Hannah Heavilo for the payment of her debts, the order thereupon, and the return of the sale made to Mary Fergus. Objected to.

*Bayard.* Hannah Heavilo left as her executors John and Roderick Heavilo. Roderick never renounced, and he was entitled at any time to take out letters. The execution of the will survived to him on the death of John Heavilo. Benjamin Johnson as his executor had no right to interfere with the administration of Hannah Heavilo's estate, and the proceedings in the orphans' court on his petition were altogether irregular and void. 2 *vol. D. L.* 891. The entire authority survives to the surviving executor, *( Toller,* 67, 40-41,) and even if one renounces he may take out letters after the death of the other. Unless it can be shown that Roderick died before John Heavilo, the execution of the will devolved on him at John's death. And the grant of letters, if proved at all in this case, is a joint authority to John and Roderick, for the testamentary bond is conditioned for the faithful administration of this estate by them both, and styles them both executors.

*Frame,* for plff. No doubt at common law, where there are joint executors and one dies, the execution survives to the other; but our

a fee in case the original devisee should die before he came of age or without issue was a good executory devise and that the original devise became an absolute fee by the devisee attaining age or dying having issue. In 1813 the case of *Barnitz's lessee* vs. *Casey* was decided by the supreme court of the United States and is reported in 7 *Cranch* 456, and 2 *Peters Con. Rep.* 561. Catharine Barnitz by her will devised to John McConnell in fee two tracts of land and provided that if John McConnell should die under age and without issue, that they should go to John B. Hammond in fee. John McConnell attained twenty-one, married, had issue and afterwards died leaving no issue to survive him. Judge Story in delivering the opinion of the court says, "By the arrival of John McConnell at the age of twenty-one years the estates devised to him immediately become absolute estates in fee simple. He adds to have defeated the estate over, it was sufficient *either* that he attained his full age *or* died under age having issue, and that on this point the authorities were conclusive. Chancellor Kent in the 4th vol. of his commentaries 269 in treating of the differences between a remainder and an executory devise says, one is, that by an executory devise "a fee may be limited after a fee, as in the case of a devise of land to *B. in fee and if he dies without issue or before the age of twenty-one, then to C. in fee.*" He selects this as his example of an estate in *fee* with a good executory devise and beyond all doubt no estate tail.