*271
 
 Mr. Justice McLEAN
 

 delivered the opinion of the court.
 

 This is a writ of error, which brings before us a judgment of the Circuit Court of the Eastern District of Pennsylvania.
 

 The lessors'of the plaintiff brought an action of ejectment to recover certain premises, generally described in the declaration, and situated in the city of Philadelphia. To sustain the right claimed by the plaintiff, a deed of conveyance from Thomas and Richard Penn, the original proprietors of Pennsylvania, for the premises in controversy, dated the 5th of September, 1749, to James Parrock, was given in evidence.- The will of James Parrock, dated the 24th of May, 1754, was then read to the jury, in which, after making several devises to his grandchildren, John Parrock and Sarah Parrock, their heirs and assigns, he adds, — “ Provided always, and the legacies herein before devised to the said John and Sarah are upon this special condition, that if both my said grandchildren shall happen to die under age and without any lawful issue, then it is my will that one fourth part of all and singular the real and personal estate to them before devised shall go to the montlily meeting of the people called Quakers; and the other three fourth parts to be equally divided between Sarah Smallwood and others, and to the survivors or survivor, as tenants in common for ever.”
 

 It was proved that John Parrock and Sarah Parrock lived many years after they arrived at full age, and that both died without issue, long after the death of the testator. Evidence was offered conducing to prove that the Smallwoods named in the will descended from John Smallwood, the half-brother of the testator, and that the lessors of the plaintiff were connected with the persons to whom the devise over was made. No evidence was given by the defendant. And the lessors of the plaintiff prayed the court to instruct the jury, “ If they believe the evidence given by the plaintiffs of pedigree, then, under the true construction of the will of James Parrock, the plaintiffs are entitled to recover; it being proved by the plaintiffs that both John Parrock, the grandson, and Sarah Parrock, the granddaughter, died over age and without issue.”
 

 “ But the court refused to charge the jury as so requested, and gave in charge to them, that under the said will the plaintiffs could not recover, inasmuch as the devise over to plaintiffs’ ancestors, in the said will mentioned and contained, never took effect, by reason of the devisees therein named, viz. John Parrock and Sarah Parrock, having both arrived at -full age.” To which .an exception was taken.
 

 The form of the charge prayed is not free from objection. ’ It assumes the sufficiency of the evidence to prove the heirship
 
 *272
 
 of the lessors of the plaintiff, if the jury should believe it. Now the evidence was somewhat vague and uncertain, and the jury might well have doubted whether the heirship was proved. But the instruction given waives this objection. From the instruction, as well as the prayer,- it is clear that the claim of heir-ship was as descendants of the persons named in the will, to whom the property was devised over.
 

 In the argument here, the counsel for the plaintiff asks the reversal of the judgment, on the ground, that the instruction was against the right of the lessors, or any part of them, to recover, although proved to be the heirs at law of John and Sarah Parrock.
 

 The attention of the Circuit Court was not drawn to this point, no instruction was asked in regard to it, and it cannot now be made. The construction turned upon the contingent devise, and as that was held not to have taken effect, the court instructed the jury that the lessors of the plaintiff could not recover. This instruction was explicit, and could not have been misunderstood by the counsel in the Circuit
 
 Court;
 
 and as this was excepted to, and no other one prayed, it presents the only question for our consideration.
 

 This devise was brought before the Supreme Court of Pennsylvania at January term, 1795, in the case of the Lessee of Cheesman
 
 v.
 
 Abraham Witt, and the court then held that the devise over did not take effect. They decided “ that the remainders over could only take place on the happening of both contingencies, — the grandchildren who were the primary devisees dying under age and without issue.” 1 Yeates, 411.
 

 A decision thus made, and which seems to have been acquiesced in for more than half a century, within which time
 
 the
 
 property by descent or otherwise must have passed through the hands of persons who belonged to two or three generations, and which has necessarily become a rule of property, would seem to close all litigation under the will. But if the question remained open and unaffected by the lapse of time, the change of owners, and the great increase of value in the property, we should have difficulty in'coming to-any other decision than the one above stated.
 

 We assent to the rule,- that, in construing a will, the intention of the testator must govern. And that intention is to be ascertained from the whole instrument. If the intent of the testator be apparent, effect will be given to it, though he may have used inappropriate terms to attain his object. Under such circumstances, the conjunctive
 
 “
 
 and ” may be read as the disjunctive
 
 “
 
 or,” or the disjunctive may be changed into the conjunc
 
 *273
 
 tive. But this latitude of construction is never exercised where the language of the will is explicit, and the intent of the testator is not doubtful. In such a case, the import of the words used must be taken.
 

 In the fore part of the will, specific devises are made of real property to his two grandchildren by the testator, and when “ they shall come of age ” he directs his executor*-- sell a certain lot and divide the proceeds between them; and certain other pecuniary legacies are given to them to be paid at the same time ; also, they are declared to be the residuary legatees of the testator. The condition then follows, that “. if both my grandchildren shall happen to die under age and without any lawful issue, then it is my will that,” &c. This devise over includes the personal as well as the real estate devised.
 

 ' That the testator intended to give the property devised‘to his grandchildren and to their issue is clear, and from this it is argued, with some force, that he intended the devise over to take effect on the contingency that they should die without issue, though after they become of full age. ■ To effectuate this, it would be necessary to change the word “and” into “or,” so that -the devise over should read, “ if both my grandchildren shall happen to die under age,
 
 or
 
 without any lawful issue,” &c.
 

 To this reading is opposed the explicit language of the testator, which limits the condition of the devise over to the death of his grandchildren under age and without any lawful issue. These two events must happen, as constituting the contingency on which the devise was to take effect. The language is so explicit, and the intention of the testator so obvious, that it would seem he could not have been mistaken. Is there any thing in any part of the will to control this language ?
 

 From the specific devises to his grandchildren and to their issue by the testator, his intention is inferred, in opposition to the language used, that on their death, at any time, without issue, the devise over was to take effect. This view is not sustained by the tenor of the will.
 

 Several of the legacies to the grandchildren were money, to be paid when they became of full age. These, as well as the real estate, were devised over “ on their death under age and without lawful issue.” Now is this devise consistent with the supposition that- it was to take effect at any future period, however remote, on the death of the grandchildren ? They were to receive their légacies, and the real estate devised to thepi, when of age ; and they had a right to use their property, and especially their pecuniary legacies, as their convenience might recprire.
 
 *274
 
 The testator could not have intended to devise over property .thus received and necessarily appropriated. . He did not intend to withhold from these children, the objects of his regard and of his bounty, during their lives, the use of the property he gave them. The nature of this devise goes strongly to show, that the testator intended it should take effect “ on the death of the grandchildren before they became of age, having no lawful issue.”
 

 The judgment of the Circuit Court is affirmed.
 

 Order.
 

 This cause came on to be heard on the .transcript of the record from the Circuit Court of the United States for the Eastern District of Pennsylvania, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said Circuit Court in this cause be, and the same is hereby, affirmed, with costs.