Pardee, &c. agt. Schenck.

# SUPREME COURT.

## PARDEE, &c., agt. SCHENCK.

The amount of costs—$7 or $12,—(before notice of trial,) is not made to depend on the fact whether an *application* is made to the *court* or not, or whether the *issue* is such that application to the court would be necessary; but on the nature of the *action*, and the mode of service, (§ 246, *sub.* 1, 2,) without reference to the pleadings.

That is, $7 is allowed when the action is of such a nature that, if the defendant fail to answer, judgment *may* be entered without application to the court; and $12 is allowed in an action in which judgment *can only* be entered on application to the court, whether the defendant fail to answer or not. (*This agrees with Van Valkenburgh* agt. *Van Schaick,* 8 *How. Pr. R.* 271.)

"*Issues* arise upon the *pleadings,* when a fact or conclusion of law is maintained by the one party and *controverted by the other.* (*Code,* § 248.)

The plaintiff, in his complaint, said the defendant owed him $600 for a note. The defendant in his answer, did not deny it, nor say anything about it; but said the plaintiff owed him $40, for goods sold. The plaintiff made no reply.

*Held,* that there was no *issue* to be tried, and no notice of trial was necessary. The plaintiff could take judgment without a jury, and was therefore not entitled to $15 trial fee; nor to $7 for proceedings subsequent to the notice of trial; and was entitled to $7 only, for proceedings before notice of trial.

*At Chambers, Oct.* 20, 1855.

MOTION, by defendant, for re-adjustment of costs.

STEELE & OWEN, *for motion.*
MEAD, TAFFT, & DEWEY, *opposed.*

MITCHELL, Justice. The plaintiffs sued for a note of $600 and over. The defendant, in his answer, did not deny anything stated in the complaint, but set up as a counter-claim that the plaintiff owed him $40 for goods sold; to this the plaintiff made no reply.

The plaintiff noticed the cause for trial, and the defendant attended, and objected that it was irregular to try the cause, as there was nothing controverted in the pleadings.

The judge allowed judgment to be entered, directing the question to be raised at the adjustment of costs, as to what costs the plaintiff was entitled.

The clerk allows $12 for proceedings before notice of trial, $7 for proceedings after notice, and $15 for a trial fee.

The defendant moves for a re-adjustment, and insists that the $12 should be only $7, and that the $15 ought not to be allowed.

In *Van Valkenburgh* agt. *Van Schaick*, (8 *How*. 271–2,) Judge HARRIS said, that in such a case, the action being on contract, if the defendant had failed to answer, judgment would have been perfected in the manner prescribed by the 1st subdivision of the 246th section of the Code. No application to the court would have been necessary. That the criterion is not, as was held in *Lawrence* agt. *Davis*, (7 *Howard*, 354,) whether the pleadings are such as to render an application to the court necessary; but whether the *action* is such that judgment might have been perfected without such application, if no defence had been interposed; that the language of the Code was too explicit to admit of a question.

The contrary decision in *Lawrence* agt. *Davis* was made by Judge ROOSEVELT, and was made after argument on the point, and it is said has been followed by the clerk in this district. Section 307 of the Code, in eight various subdivisions, prescribes the amount of costs to be paid in various stages of the action, beginning at the commencement of the action, and going on to the trial, and to an appeal; subdivision one allows costs to the plaintiff for all proceedings *before notice of trial,* including judgment, when .entered, in different sums in two different cases, viz., $7 " in an *action* when judgment upon failure to answer *may* be had, without application to the court," and $12 " in an action when judgment *can only* be taken on application to the court."

The $7 are allowed when claimed in an action where (or in which) judgment upon failure to answer *may* be had without application to the court; that is, when the action is of such a nature that if the defendant fail to answer, judgment *may* be

entered without application; and the other sum is in an action in which judgment *can* only be on application to the court whether the defendant fail to answer or not.

The amount $7 or $12 is not made to depend on the fact whether an application is made to the court or not, or whether the *issue* is such that application to the court would be necessary, but on the nature of the action and the mode of service (§ 246, *sub.* 1, 2,) without reference to the pleadings. Actions on contract are usually simpler than "*other actions;*" and in the last, even if the defendant does not plead, application to the court is necessary; and it is for these reasons that a larger fee is allowed in the last class of actions than in the first.

There is no reason why the extra allowance should be made in this place, when a trial actually takes place, for a special allowance is afterwards made for the costs of the trial, and of the preparations for the trial, viz., $7 and $15, and also the term fees.

As to the other charge, there can hardly be à doubt—when the definitions in the Code are observed.

The plaintiff is allowed "for the *trial* of *issues* of *fact*" $15, by § 307, sub. 4. Section 248 (203) declares that, "issues arise upon the pleadings when a fact or conclusion of law is maintained by the one party and *controverted by the other.*"

It is essential that the fact alleged by one party be controverted by the other, to constitute an issue.

Here nothing was controverted; the plaintiff said to the defendant, " You owe me $600," and the defendant answered, " Yes, but you owe me $40, and the one should be set off, in part, against the other." This the plaintiff admitted. There was, then, no issue joined; and as " a trial is the judicial examination of the issues between the parties," (§ 252,) there was no trial, and there could be no allowance for a trial fee.

If an issue of fact were joined, a jury would be necessary, (§ 253;) yet the plaintiff could have taken judgment on the pleadings alone, without a jury; and if a jury were called, he could, on the pleadings, recover the precise sum which he did recover; and the amount of the recovery could not, under this

state of the pleadings, be varied by any testimony that either party could produce.

The plaintiff, therefore, was not entitled to the $15, nor to the $7 for proceedings subsequent to the notice of trial—as no notice of trial could properly be given; as to the last, however, there is no appeal.

The plaintiffs must deduct $20 from the bill as adjusted; and as this decision is contrary to one reported for this district, though in conformity to one previously made and not reported; and as the defendant's default on this motion was once entered with $5 costs, neither party can have any costs on that default, or on this motion against the other.

On careful examination, I concur,

Thos. W. Clerke.

J. I. Roosevelt.