# SUPREME COURT.

## WILLIAM PHIPPS and others agt. JOHN G. VAN COTT and others.

In an action against several defendants, each defendant or set of defendants, appeared by separate attorneys, and demurred to the complaint, raising a distinct issue of law, and the special term ordered judgment for the defendants severally, with costs upon the demurrers, and that the complaint be dismissed with costs, unless the plaintiffs should amend and pay costs of the demurrers within twenty days, (in one order). On appeal to the general term, within the twenty days by the plaintiffs, from the "order," (as it was termed in the notice of appeal,) directing judgment for defendants on the demurrers, &c., the defendants moved to dismiss the appeal, on the ground that it should have been taken as an appeal from a *judgment*, and not from an *order*, which motion was denied, on the ground that the appeal having been taken within the twenty days allowed to amend on terms, was properly taken as from an order.

The general term decided (on argument of the appeal on the merits,) that the order on the demurrers be *reversed*, and that plaintiffs have judgment against the defendants on the several demurrers, *with costs*, with leave for the defendants severally to answer on payment of costs, within twenty days.

The question was, what *costs* the plaintiffs were entitled to, to enable the defendants to answer? The plaintiffs claimed separate bills of costs against the several defendants, who appeared and demurred severally; and also that they were entitled to the costs of the appeal as if taken from a judgment.

*Held*, 1. That the plaintiffs were entitled to all the *disbursements* which had been incurred by them in consequence of the numerous appearances put in by the defendants, and the multiplied proceedings which had necessarily resulted.

2. That the expense of *printing the case and points* might properly be included in the costs.

3. That the plaintiffs were only entitled to a *single bill of costs* against *all* the defendants, if the action proceeded against all of them. (*See Comstock agt. Halleck*, 4 *Sand.* 671, *adverse.*)

4. That the plaintiffs were entitled to recover for the appeal in this case, the proper costs *of the trial of an issue of law*. These costs, as well as all the costs of the cause, were to be regulated by the Code, since the late amendments, (April, 1857.)

"Proceedings before notice of trial, $15," charged in the bill, would not be allowable, unless on entering *judgment final* for plaintiffs. It was no part of the costs then to be paid by the defendants for amending.

"Subsequent proceedings before trial, $10," was to be paid upon amending

"Three term fees $30," was proper if the case was on the calendar as specified

Phipps and others agt. Van Cott and others.

in sub. 7 of § 307. The trial fee at the special term, was of course, properly charged.

The items of $15 and $30, for the appeal, before argument, and for the argument, were disallowed, and in their place the charges relating to the trial of an issue of law, substituted.

Besides the trial fee, and the proper term fees of the terms, there might be allowed $10, under sub. 3 of § 307, for all proceedings subsequent to notice of trial, and before trial. The notice of argument being in effect a notice of trial.

*Second District General Term, Brooklyn, October*, 1857.

*Present*, S. B. STRONG, LUCIEN BIRDSEYE, JAMES EMOTT, *Justices*.

THE plaintiffs commenced this action against John G. Van Cott, as a judgment debtor, execution against whom had been returned unsatisfied, and against fourteen other persons, who were alleged to have taken conveyances and assignments of different parcels of the debtor's property; which were alleged to be fraudulent, collusive and void.

The defendant Johnson appeared separately, and moved that certain portions of the complaint be made more definite and certain. The defendants, John G. Van Cott and others, appeared by another attorney, and made the same motion, but extending only to a portion of the matters specified in the other notice. The infant defendant, G. W. Van Cott, appeared by his *guardian ad litem*, and demurred to the complaint. Luqueer and wife appeared by still another attorney, and demurred to the complaint. Debevoise and wife appeared by another attorney and also demurred to the complaint. The defendants Peter Hulst, Hannah Hulst, and Eleanor Meserole, also put in three several demurrers to the complaint, but all by the same attorney. All the six demurrers were to the whole complaint, and presented substantially the same objections to it. The motions and demurrers were brought to a hearing at the special term; and on the 25th of February, 1856, the special term ordered judgment for the defendants, who had demurred severally, with costs, upon the said demurrers, and that the complaint be dismissed with costs, unless the plaintiffs should amend their complaint and pay costs of the demurrers, within twenty days. On the 26th of February, 1856, the motions to

make the complaint more definite and certain, were granted, with costs. One order was entered on both motions, and one decision on all the demurrers.

On the 8th of March, 1856, the plaintiffs appealed to the general term from the order on the motions, and also from the " order," (as it was termed in the notice of appeal,) direct-ing judgment for the defendants on the demurrers, &c. One notice of appeal related to the order on the motions, and one notice to the decision on the demurrers.

This latter appeal, the defendants moved to dismiss, at the January general term, 1857, on the ground that it was improp-erly made, that it should have been made as an appeal from a *judgment*, and not from an *order*. The motion was denied, the court holding that the appeal was properly taken from the de-cision on the demurrers as an *order*. It being taken within the *twenty days given by the order for* amending the complaint on terms. (*See* 4 *Abbott*, 90.)

Both appeals were argued at the general term, which court subsequently decided that the demurrers should have been overruled, and the motions denied in the court below, and that the orders appealed from must be reversed, with leave to the defendants to answer in the court below, *on the payment of costs.*

The order entered on this decision, fixed the costs of the plaintiffs on the motions, at $10, for opposing the motions be-low, and $10, for the appeal. It provided that the order on the demurrers be reversed, and that the plaintiffs have judg-ment against the defendants on the several demurrers, with costs, with leave for the defendants severally to answer, on payment of costs within twenty days.

The plaintiffs moved that the court direct what costs should be paid, to entitle the defendants to answer, and fix the amount thereof, or refer it to the clerk or some other person, to adjust the same. No objection was made by either party to the form of the order entered at the general term. The plaintiffs claimed separate bills of costs, against the several defendants, who appeared and demurred severally ; and also that they

were entitled to costs of the appeal, as if taken from judgments.

Various objections were made by the defendants, which are stated in the opinion of the court. Five other actions were brought by as many different plaintiffs, against the same defendants; the proceedings in those actions were the same as in this one, down to the argument at the special term, from which time all the cases were to abide the event of this one.

JOHN W. EDMONDS, *for plaintiffs.*
W. J. COGSWELL and P. J. FISH, *for defendants.*

By the court—BIRDSEYE, Justice. Whatever may be thought as to the other questions in the case, there can be no doubt the plaintiffs are entitled to all the disbursements which have been incurred by them, in consequence of the numerous appearances put in by the defendants, and the multiplied proceedings which have necessarily resulted.

Nor do I doubt that the expense of printing the case and points, may properly be included in the costs. The 30th rule of this court requires that the cases and points, and all other papers furnished to the court at a general term, in calendar causes, shall be printed. Enumerated motions include among others, by rule 27, " issues of law." By rule 28, these are to be noticed for the first day of term, by either party. By rule 34, notes of issue in such causes, are to be filed, and a cal endar made up and printed by the clerk, for the use of the court. By rule 28, the papers to be furnished on such motion, shall be a copy of the pleadings, when the question arises on the pleadings, or any part thereof, or of such parts only as relate to the question raised by the demurrer.

This rule does, indeed, specify that the papers to be furnished, shall be furnished by the party demurring, in case of demurrer. But this portion of the rule took its present form before the provisions of the Code were enacted, (§§ 252, 255,) which require that the trial of issues of law, be had at the circuit court or special term. Since these provisions, no " issues

of law," and no "questions arising on the pleadings," can come before the general term, except upon appeal. And the equity of rule 29, which requires the appellant to furnish the papers on the appeal, (though the strict language of that rule may, perhaps, not apply to this case,) must be held to govern a case like the present, when from the changes of the statute, and the want of adaptation thereto in the rule, it has become inapplicable and of course inoperative.

The next question which arises is, whether the plaintiffs can have a several bill of costs against each defendant, or set of defendants, appearing separately, and raising by demurrer a distinct issue—or only a single bill of costs, against all the defendants. The first position is urged by the plaintiffs; the other by the defendants. The point is not free from difficulty; the claims of each party are apparently sustained by some of the authorities.

It will hardly be denied, that each defendant who had a separate interest to be defended, and who appeared severally by an attorney, not connected in business with the attorneys of the other defendants, and in the absence of circumstances indicating any oppressive or unfair design in severing the defences, would, if finally successful, be entitled to the costs of his separate defence. The rule is too well settled to admit of dispute. (6 *Hill*, 267.) It does not extend so far, however, as to give one attorney, who appeared for three defendants and put in three several demurrers, one for each of them, but all three in the same precise form, three separate bills of costs. That was claimed by one of the attorneys in this case, in regard to his costs at the special term, but the claim is clearly untenable.

The plaintiffs claim that the converse of the main proposition is true; and that where the defendant would recover separate bills of costs if successful, they shall pay separate costs, if unsuccessful.

In *Comstock* agt. *Halleck*, (4 *Sandf. S. C. R.* 671,) two defendants put in separate answers, but by the same attorney, to which the plaintiff demurred. The demurrers were heard at

Phipps and others agt. Van Cott and others.

the special term, and allowed, with leave to the defendants to amend on the payment of costs. Mr. Justice DUER, held, with the concurrence of all his associates, that the plaintiff was entitled to tax against each defendant a separate bill of costs on his demurrer to each answer, "the defences being several, and a distinct issue of law raised by each." He added : "Defendants can always obviate this consequence by joining in their answer."

In *Everson* agt. *Gehrman*, (2 *Abbott*, 413,) three of the defendants joined in an appeal from the special to the general term. The notice of appeal was signed by three different attorneys, and was of *one* appeal. The respondent's attorney was obliged to give notice to each of the attorneys, and although there was but one set of papers, one argument, and one judgment, either at the special or the general term, he claimed three separate and full bills of costs. Mr. Justice WHITING held, that he was entitled to but one bill of costs.

In *Buell* agt. *Gay*, (13 *How. Pr. R.* 31,) Judge HARRIS reviewed the decision in *Comstock* agt. *Halleck*, and said, that in his opinion, it could not be defended ; that it gave to the plaintiff what the law had not awarded to him.

I am compelled to say that the positions laid down in this opinion, commend themselves to my judgment, in preference to those of *Comstock* agt. *Halleck*. They accord much better both with the language and the principles of the present statutes on the subject of costs. They accord, too, with what is stated in *Freiot* agt. *Adams*, (5 *How. Pr.* 138,) to be the well settled rule of the former practice that but a single bill of costs can be taxed in the same action in favor of the same attorney.

I see nothing in the present statutes indicating a design to change this rule, although it is manifest that it is now less reasonable and just, than it was when the attorney for the successful party made up his bill of costs by charging for specific services, and was thus enabled to obtain compensation for most, if not all the additional labors, imposed by the defendants appearing and pleading severally. The principle of the present system of costs, is not to make the statutory costs the

measure of the attorney's compensation, but to leave that to the voluntary arrangements of the party and attorney. It designs to give to the successful litigant only, certain fixed sums by way of indemnity for his expenses in the action. These sums are, excepting the comparatively small range of actions in which additional allowances may be given, the same in all cases, in the most complex and difficult equity suits, as in the simplest actions. on contracts, or for acknowledged wrongs. The power of adapting this rigid Procrustean rule, to the justice of each particular case, which the former system of allowance, to a certain extent afforded, is by the late amendments, very much narrowed, and assimilated to the fixed rates of costs prescribed in section 307.

I therefore conclude that the plaintiffs are only entitled to a single bill of costs, against all the defendants, if the action proceeds against all of them. It is probable, as was suggested at the argument, that this will prove a very inadequate compensation to the successful attorneys, and will be far less than the attorneys for the defendants had claimed on the decision below, and would have been entitled to, if they had succeeded on the appeal. But for this inadequacy of compensation, the court are in no manner responsible. We are to administer the statute as to costs, as we find it. *If* it needs any amendment, in order to subserve the purposes of justice, a different tribunal must be applied to.

It must not be overlooked, however, on this point, that there was but one trial, and a single decision in the court below, but one appeal, one argument on it, and one decision and order of the appellate court. And though here the costs, if taxed severally against each defendant who has raised a separate issue, might be a just compensation for what the court sees to have been the labors of conducting this cause, the same might not be true in other cases ; and the practice, if adopted, might lead to great abuses, and might become very oppressive in its operation.

The next question in this case, relates to the amount of costs which the appellants can recover on their appeal, whether

it shall be under sub. 5 of § 307, fifteen dollars before the argument; thirty dollars for the argument, and the term fees allowed by sub. 7 of the same section; or whether it is to be the sum of $10, for the costs of a motion; or whether it shall be the costs of a trial of an issue of law.

Obviously, the first-mentioned rate of costs cannot be allowed. This is an appeal in one of " the cases mentioned in section three hundred and forty-nine." It is, therefore, by sub. 5, of § 307, expressly excluded from the class of cases, in which the two items of $15 and $30 can be allowed. The plaintiffs when they appealed, clearly intended to appeal in the manner provided by § 349. That is obvious from their notice of appeal. They succeeded in defeating the motions to dismiss their appeal, at the general term, on the precise ground that they had so appealed. They cannot now claim a rate of costs, from the benefit of which all are excluded by the plain words of the statute, who appeal as they did, and intended to do.

Can the costs of a motion be allowed here, under § 315? I think not. It was well said in *Thomas* agt. *Clark*, (5 *How. Pr. R.* 375,) that the motions for which that section was designed to provide, were the collateral applications to the court, such as to vacate or set aside some proceeding, or for special relief, and which were not in the direct and regular progress of the suit. The history of the prior legislation on that subject, which is that given by the learned judge, seems to warrant the conclusion that § 315 of the Code should have the same interpretation as if it had provided that costs might be allowed on *special* motions. It may be added, too, that § 315 seems intended to cover a class of proceedings which is not mentioned and provided for in any previous section of that title. (*And see Ellsworth* agt. *Gooding*, 8 *How. Pr. R.* 1.)

But it may well be doubted whether this appeal was in any sense a motion, within the meaning of the Code, (§§ 400, 401.) The demurrers were to the whole complaint. When the general term decided the questions presented by these demurrers, not only was the erroneous order of the special term reversed,

but it was directed, " that the plaintiffs *have judgment* against the said defendants on the said several demurrers, with costs." It is true that leave was given to the defendants to answer on terms. The judgment was, so to speak, *defeasible.* But if the conditions were not complied with, the judgment became absolute. In that event, the " application for " that " direction of the court," would not be " a motion," under §§ 400, 401. I incline to think that this "application," must have its definition at the time it is made. It must then be classified according to its own nature and character, and not from that of its future result. It cannot be vague or undefined, till it shall be seen by the event whether the court will make the judgment defeasible, or whether the terms on which it may be defeated shall be complied with, and then take its shape accordingly. The decision already made, *is* " the final determination of the rights of the parties in the action," (§ 245.) As those rights are now presented by the pleadings, it would bind the parties as a judgment, in all cases where they should attempt to raise any questions as to the same " rights." It is, therefore, properly a "judgment." And it does not lose that character, because the defendants have the privilege of spreading new allegations on the record, and making a defence substantially different from that already made. Whether the decision will also finally determine the " action," as well as " the rights of the parties " to it, as now presented, is not yet known, and cannot be, until the time allowed the defendants for paying costs and answering, has expired. But, before that, we must determine what was the nature of the " application," on which such decision was made. And I think both good sense and logical consistency, require us to hold, that the application is not a " motion," within the definitions of the Code, when it presents the question whether the plaintiff is entitled to any judgment or relief whatever, and when the decision thereon will not only determine finally the rights of the parties to the action, as set forth by the pleadings, but will dispose of the action itself, unless the privilege of raising other issues is granted by the court.

The plaintiffs cannot, therefore, recover the costs of a " motion," for their appeal, and will be without any indemnity for their expenses in this most important and difficult proceeding in the action, unless they can obtain the same as costs of the trial of an issue of law.

The 252d section of the Code defines a trial to be, " the judicial examination of the *issues* between the parties, whether they be issues of law or of fact." All the provisions of the chapter of the Code, of which this section is a part, do now contemplate, certainly, as § 255 provides, that this " trial," be had at the circuit or special term. And the provisions of the Code as first enacted, were in substance the same. (*Laws of* 1848, *p.* 536, § 210.) But by this section as it was amended, and became section 255 of the Code of 1849, issues of law were only to be tried " in the *first instance*, at a circuit court or special term." By the same section as amended in 1851, " issues of law must be tried at a general term, unless the court order the trial to be had at a special term."

In the amendment of 1852, the section took its present shape. But prior to that time, whether the trial of issues of law was had at the general or special term, the fee for it was that fixed by § 307.

It was thought more consistent, however, to require all cases to be first heard and decided by a single judge, and to make the general term more strictly a court of review and appeal. While this principle was taking form, and becoming a part of our growing judicial system, the amendments to section 349, allowed the order of the single judge determining an issue of law, to be reviewed more speedily and with less formality, than was required for the review of a judgment when formally entered up. But no change was made in the provisions of the section which fixed the items of costs. The subject was either overlooked, or more probably it was supposed that the 307th section covered the case, so that no change was necessary. The doubt, for which the change in §§ 255 and 349, without a corresponding change in section 307, gave some room, was very early presented in *Van Schaick* agt. *Winne*, (8 *How.*

*Pr. R.* 5,) which was decided by HARRIS, J. That learned judge held, that the prevailing party, on an appeal to the general term, from an order sustaining or overruling a demurrer, was entitled to a *trial* fee, as well at the general as at the special term. He said that such cases could not, in any proper sense, be regarded as motions, within the meaning of the term as used in the 315th section. He adds, " the hearing of such an issue, at the circuit or special term, is, as all will agree, a trial. The successful party claims and is entitled to a trial fee, for such a hearing. Nor is it the less a trial, because after one hearing before a single judge, the law provides for a rehearing at a general term." It will be seen on examination, that the hearing at the general term of an appeal from an order sustaining or overruling a demurrer, is as clearly " the judicial examination of the issues of law between the parties," as was the original hearing at the special term. That "issue" is the only thing examined or presented for examination.

This decision has remained, so far as my examinations show, wholly unquestioned. Although the case of *Ellsworth* agt. *Gooding*, (8 *How. Pr. R.* 1,) in which the same learned judge has held, that on a motion for a new trial on a case or bill of exceptions, the prevailing party was entitled to the same trial fee, as often as the cause is brought to a hearing upon the merits, has been once questioned. (*See Potsdam & Watertown R. R. Co.* agt. *Jacobs*, 10 *How.* 453, *per* HUBBARD, *J.*) The reasoning in that case, shows clearly that distinctions exist between the two cases in 8 *Howard.* And the views expressed by Mr. Justice HUBBARD, may be correct, without impugning the weight of *Van Schaick* agt. *Winne*, as an authority.

It was probably the doubt growing out of these adverse decisions of Judges HARRIS and HUBBARD, which led to the amendment made at the last session, in sub. 5 of § 307 of the Code, by which, costs as on an appeal from a judgment are now given for the proceedings which were supposed by Judge HUBBARD, to be unprovided for in the previous fee bill. It is a circumstance not undeserving of mention, that when the legislature was endeavoring to remove the doubt raised by the

case of the *R. & W. R. R. Co.* agt. *Jacobs*, the question decided in *Winne* agt. *Van Schaick*, was left untouched. It cannot be supposed that they meant to leave appeals from orders sustaining or overruling demurrers, wholly unprovided for, and to deprive the successful party of all compensation.

I therefore conclude, that the plaintiffs are entitled to recover for the appeal in this case, the proper costs of the trial of an issue of law. These costs, as well as all the costs of the cause, are to be regulated by the statute, since the late amendments.

In the bill of costs which the plaintiffs have submitted, are contained the following items for services, viz:

| | |
|---|---|
| Proceedings before notice of trial, | $15.00 |
| Subsequent proceedings before trial, | 10.00 |
| Three term fees, | 30.00 |
| Trial of issue of law, | 15.00 |
| On appeal before argument, | 15.00 |
| For argument of appeal. | 30.00 |

The first item would be properly included in the bill, if it was made up for the purpose of entering judgment final for plaintiffs. But it is not a part of the costs now to be paid by defendants, for amending. For none of the proceedings to which it relates will be vacated by the operation of the order authorizing the amendment. (*Van Valkenburgh* agt. *Van Schaick*, 8 *How.* 271.) The next charge is to be paid upon amending. (*See* 8 *Id.* 273; 6 *Id.* 413; 5 *Id.* 336; 2 *Abbott*, 360.)

The third charge is proper, if the case was on the calendar, as specified in sub. 7 of § 307. The trial fee at the special term, is, of course, properly charged. The items of $15 and $30, for the appeal, before argument and for the argument, must be disallowed. And in their place, must be included the charges relating to the trial of the issue of law. Besides the trial fee, and the term fees of the terms, if any, at which the cause was necessarily on the calendar, and was not reached or postponed, we think there may also be included ten dollars, under sub. 3 of § 307, for all proceedings subsequent to no-

tice of trial and before trial. The notice of argument is in effect a notice of trial. This will be a compensation for the preparation of brief and points for the hearing on the appeal, the noticing of the case and putting it on the calendar, and the labor of printing the papers for the appeal.

Only one other suggestion made at the argument requires remark. It was said by the plaintiffs, that if but a single bill of costs was allowed against all the defendants, there would be great difficulty in apportioning it among the defendants, so as to show what part of the bill each party desiring to answer, must pay.

There may be some confusion to arise on this point; but it is not properly presented here, and cannot now be disposed of. One thing is clear. The plaintiffs cannot be compelled to take part in any such apportionment. If the whole of the costs as adjusted are not paid to them within the period fixed for that purpose, the privilege of answering will be lost, and they will be entitled to final judgment. It behooves every defendant desirous of answering, to see that all the costs are duly paid. If any of them fails to pay a proportion of the bill as adjusted, and throws the burden upon the others, the injustice must be corrected between the defendants by some application or proceeding adapted to the case. The difficulties which may then arise, cannot affect the present case, or be thrown upon the plaintiffs.

An order must be entered, referring it to the clerk of Kings county, to adjust the costs of the plaintiffs, in conformity with the views above expressed.