## SUPREME COURT.

PATTERSON KEIL, resp't agt. WILLIAM RICE, appel't.

Where the verdict of a jury is set aside and a new trial granted *on payment of the costs of the former trial,* the item of ten dollars, for proceedings *subsequent to notice and before trial,* is allowable under the order.

*November General Term, Eighth District.*

MARVIN, *P. J.;* DAVIS, GROVER and HOYT, *Justices.*

APPEAL from order of special term denying motion for readjustment of costs.

W. WOODBURY, *for appellant.*
C. C. TORRANCE, *for respondent.*

By the court, DAVIS, Justice. The verdict of the jury in this case was set aside and a new trial granted, on payment of the costs of the former trial. The question now presented is, whether the item of $10, for proceedings subsequent to notice and before trial, is allowable

under this order. I have examined all the cases bearing on this question, and find that in every case where the precise point has been involved, this item has been allowed.

In *Mitchell* agt. *Westerwelt*, (6 *How. Pr. R.*, 265,) the verdict was set aside " on payment of the costs of the circuit." It was held that plaintiff was entitled to this charge. It " was intended," says the court, " as compensation of a notice of trial, issuing subpœnas, &c., preparatory to trial." This decision was affirmed on appeal, by the general term of the fourth district, WILLARD, HAND, CADY and ALLEN, JJ., being present. (6 *How.*, 311, *note.*)

In *Dewey* agt. *Stewart*, (6 *How.*, 465,) the plaintiff was allowed to withdraw a juror and move to amend his complaint, on payment of the costs of the term. SANFORD, J., with the concurrence of all the justices of the superior court, held that the charge for proceedings subsequent to notice of trial, and before trial, was taxable. " The fee," said he, " is provided as a compensation for the attorney's services intermediate the notice of trial and the trial, such as the subpœnas and tickets, their service, and procuring the attendance of witnesses, as well as brief for counsel."

In *Buckingham* agt. *Miner*, (18 *How.*, 287,) the defendant was let in to defend, after judgment, on condition that he pay " all the costs of the hearing before the referee, and of the proceedings subsequent thereto." The court ruled that the item now under consideration should be allowed to plaintiff as part of the costs to be paid by the defendant.

These appear to be all the cases where the point, presented by the facts of this case, seems to have been directly adjudicated.

It has also been held in many cases, that this item is taxable after judgment overruling a demurrer, where the demurrant is allowed to answer on payment of costs.

(*Collomb* agt. *Caldwell*, 5 *How.*, 336; *Hendricks* agt. *Bout*, 2 *Abb.*, 360; *Van Valkenburg* agt. *Van Schaick*, 8 *How.*, 271.)

There is a class of cases in which this item is not allowed. On postponing a cause at circuit, (*Noxon* agt. *Bentley*, 6 *How.*, 418; *Jackson* agt. *McBurny*, 6 *id.*, 408;) where the cause is necessarily noticed for trial more than once, (*Perry* agt. *Livingston*, 6 *How.*, 404;) and in *Jackett* agt. *Judd*, (18 *How.*, 385,) it was held that the item was taxable but once, when a judgment had been reversed on appeal and a new trial granted with costs to abide the event. In that case the learned justice relied on *Perry* agt. *Livingston*, (6 *How.*, 404,) and *Jackson* agt. *McBurny*, (*id.*, 408,) both of which were cases where the item was claimed for each time the cause had been noticed, though there had been but one trial.

The present case is distinguishable from *Jackett* agt. *Judd*, in the fact that here the motion for new trial was addressed to the favor of the court, and the costs were imposed as a condition of granting it. In such a case, the party obtaining the favor should be required to compensate the other party for such services attending the trial, and necessarily connected therewith, as must be repeated upon a new trial. The issuing and service of subpœnas, noticing and placing the cause on the calendar, and procuring the attendance of witnesses, are all to be repeated; and there is no good reason for saying that the party who asks this to be done as matter of favor, and not of strict right, should not be held to pay for the performance of those services of which he asks the repetition.

As before observed, the authorities on this point are uniformly in favor of allowing the disputed item in cases analogous to this; and it may also be remarked, that one of the justices, (ALLEN, J.,) who held that the charge was not proper when the cause had been noticed and put on the calendar, without trial, more than once, concurred in

the general term decision that it was allowable where a new trial had been granted on payment of the costs of the former trial.

The order appealed from reversed, and order entered directing the allowance of the disputed item.