Roome, Administratrix, &c., *v.* Phillips.

Devise of an estate for life to the testator's father, remainder to the heir-at-law and only child of the testator, "after the decease of my father, and when he the said child shall become twenty-one years of age, and become married, and has children, and in case of his the said child's decease before that period and after my father's decease, then the said real estate" was given over to other persons: *Held,* that

The child took a vested remainder, subject to be divested only on his dying under the age of twenty-one.

Upon the death of the life-tenant, the child became entitled to possession on his attaining twenty-one, or, *it seems,* upon his marriage and having children before that age.

The rule reiterated, that *and* is to be taken for *or*, and *or* for *and*, when required by the intent and meaning of the will.

Appeal from the Supreme Court. Action to compel the specific performance of an agreement, made between the plaintiff's intestate and the defendant, whereby the former agreed to sell, and the latter agreed to purchase, a certain lot in Clinton street, in the city of New York, whereof the plaintiff's intestate claimed to be seised in fee. The complaint alleged that Elisha Burrows, Senior, the father of the plaintiff's intestate, being seised in fee of the said house and lot in Clinton street, made his last will in 1834, in due form of law, to pass real estate, wherein and whereby he gave a life estate therein to his father, John Burrows, and charged thereon an annuity of $60 a year to the mother of the plaintiff's intestate, and then gave and devised the same unto the plaintiff's intestate, Elisha Burrows, the younger, "after the decease of my father; and when he, the said child, shall become twenty-one years of age, and become married, and has children, and in case of his the said child's decease before that period, and after my father's decease, then the said real estate" was given over to other persons.

The complaint sets forth, that John Burrows, the father of the said child Burrows, the elder, died in May, 1842; and that

Elisha Burrows, the younger, attained the age of twenty-one years on the first day of April, 1854; and that he on that day entered into the possession of said premises, and has ever since continued to possess and enjoy the same; but that the said Elisha Burrows, the younger, had never been married, or had any children. It also alleges that the mother of the plaintiff's intestate had released and conveyed to him all her claim and interest of, in and to, the said premises. It also alleges that the said plaintiff's intestate is the only child and heir-at-law of the said Elisha Burrows, the elder, deceased. To this complaint, the defendant interposed a general demurrer; and judgment was given for the defendant at special term on the demurrer, which having been affirmed at general term, the plaintiff appealed to this court.

*William S. Sears*, for the appellant.

*C. A. Nichols*, for the respondent.

DAVIES, J.   It seems to me that it was the clear intention of the testator that his son Elisha, on the demise of John Burrows, the testator's father, should take the estate in fee, upon his arriving at the age of twenty-one years.   He was also to take it, upon such demise, upon his marriage and having children.   It vested in him in fee, on the death of the life tenant; and he was entitled to the possession on the happening of either of those events, subject to his being wholly divested on his dying before attaining the age of twenty-one years; and on the happening of which latter event, the devise over took effect; and it only took effect on his dying before the age of twenty-one.   He has attained that age; and the devise over can, therefore, never take effect.   The life tenant having died, the contingency having happened upon which the estate was to vest absolutely in Elisha Burrows, the younger, and the annuitant having released to him all her claim, right and interest in the premises, the question presented for adjudication in this case is, can he convey to the defendant a good title, in fee simple, to the premises which he has agreed to purchase?

We think he can. The first question presented is, in whom is the estate vested? Supposing the testator had stopped with the language, "when he, the said child, shall become twenty-one years of age," and the words "and become married, and has children," had been omitted, it cannot be doubted that the estate vested in the plaintiff's intestate, and on his attaining the age of twenty-one, and the death of the life tenant, his right of possession and title would have been absolute and perfect, subject to the annuity, the devise over not taking effect if he attained that age.

A devise to A, in fee, when he attains the age of twenty-one years, becomes a vested remainder, provided the will contained an intermediate disposition of the estate, or of the rents and profits during the minority of A; or if it directed the estate to go over in the event of A dying under age. (4 Kent., 234.) In the present case, there is an intermediate disposition of the estate; and a direction that the estate go over in the event of the plaintiff dying under age. The proposition laid down is, therefore, fully met by the facts in this case; and the authorities cited to sustain it will be referred to. They will elucidate the doctrine sought to be maintained. In *Bracton's Case* (3 Coke, 19), the will was, "when the said Hugh shall come to his age of twenty-one years," then the estate was given to him and his heirs forever; and it was held that the use of the word "when" was a demonstration of the time when the remainder to Hugh should take effect in possession, and not when the remainder should vest. Hugh having died at the age of nine years, his brother became his heir, who demised the premises to the defendant. It was alleged on the part of the plaintiff that no remainder was vested in said Hugh until he attained the age of twenty-one years; and that, in the meantime, the lands did descend to the daughters of the elder son, who were the general heirs of the devisee, and through whom the plaintiff claimed; and inasmuch as Hugh did never accomplish his said age, the land never vested in him, but remained in the heirs general. But so the court did not think, and gave judgment for the defend-

ant.   In *Good Title* v. *Whitby* (1 Burr., 228), where the estate was given "when and as they shall attain their respective ages of twenty-one," Lord MANSFIELD held, that the rule is, that that shall not operate as a condition precedent, but as a description of the time when the remainderman is to take in possession.   In *Edwards* v. *Hammond* (3 Lev., 132), a copyholder surrendered to himself for life, and afterwards to the use of his eldest son, and his heirs, if he should live to the age of twenty-one years, provided, and on condition, that if he should die before twenty-one, then it should remain to the surrenderer and his heirs.   On the death of the surrenderer, the youngest son entered, and the eldest son, being seventeen, brought an ejectment; and the question was, whether it was a condition precedent or subsequent?   And the court held it to be a limitation to the eldest son immediately, defeasible on a condition subsequent.

*Bromfield* v. *Crowder* (4 Bos. & Pul., 313,) was a case sent by the Master of the Rolls to the judges of the Common Pleas for their opinion.   In that case, the testator gave all his real estate to the plaintiff, "if he shall live to attain the age of twenty-one years;" "but in case he die before he attains that age, then to another brother; but in case both should die before attaining the age of twenty-one years, then to his godson John Vale and his heirs forever."   The testator gave a life estate in the premises devised, after the death of his widow, to one Joshua Rose; on the death of his widow, Rose entered into the possession of the estates, and enjoyed the rents and profits till his death, on the twenty-seventh March, 1802.   The plaintiff was then an infant, under the age of twenty-one, and filed a bill, asking that his rights in the estate might be declared.   The parties defendant were Crowder, the heir-at-law, and Charles, brother of plaintiff, and John Vale.   On behalf of Crowder, the heir-at-law, it was insisted that the plaintiff had no right or title to the estate; for that the devise to the plaintiff, and to his brother, and to Vale, were contingent remainders, limited upon estates for life; and that, inasmuch as the preceding particular estates were at an end

before the events happened on which said premises were to become vested (the attaining of the age of twenty-one years), such remainder could not then take effect, and the estate consequently passed to the heir-at-law. The judges certified their opinion to be, that the fairest construction that could be put upon the will, independent of authority, was, that the plaintiff took an immediate vested estate, on the death of the preceding devisees, with a condition subsequent, and that, in the event that had happened, the plaintiff took a vested estate, in fee simple, in the estate of the testator, determinable upon the contingency of his dying under the age of twenty-one years. It would appear, from the remarks of Lord ELLEN-BOROUGH, Ch. J., in *Roe* v. *Briggs* (16 East., 411), that a decree was made by Lord Chancellor ERSKINE, in accordance with the opinion of the judges of the Common Pleas, and that an appeal was taken from his decree to the House of Lords, which was there affirmed.

*Doe* v. *Moore* (14 East., 600) is even more like the present case than those already cited. There, the testator gave to John Moore, "when he attained the age of twenty-one years," all his estate, &c.; but in case he should die before he attains the age of twenty-one years, then he gives it over. The testator died, leaving the lessors of the plaintiff his heirs-at-law, and the devisees named in the will were all under the age of twenty-one years; and the question reviewed was, whether the lessors of the plaintiff, or any or either of them, as heirs-at-law of the testator, or otherwise, took any and what interest in the estate. The case was argued in Hilary term, 1807, but stood over for judgment till Michaelmas term, 1811, awaiting the decision of the House of Lords in *Bromfield* v. *Crowder* (*supra*). In this case the rule was held to be, that a devise to A, when he attains twenty-one, to hold to him and to his heirs, and if he dies under twenty-one, then over, does not make the devisee's attaining twenty-one a condition precedent to the vesting of the interest in him, but the dying under twenty-one is a condition subsequent, on which the estate is to be divested.

In the case now at bar, the devisee has attained the age of twenty-one, the life estate has terminated, and the annuity charged thereon released; and if there was nothing else in the will, it would, we think, be very clear that, on attaining his majority, he became vested with the estate absolutely in fee. But it remains to consider the effect of the additional words, "and becomes married, and has children." If the first "and" may be read "or," there is no difficulty in sustaining the title of the plaintiff's intestate in fee to the premises devised to him.

The judges of the Common Pleas, in *Broomfield* v. *Crowder* (*supra*), say: "It must be admitted that, according to repeated decisions, no precise words are necessary to constitute a condition precedent in wills. They must be construed according to the intention of the parties; and it would be absurd, considering the various circumstances under which wills are made, to require particular terms to express particular meanings. *The apparent intention, as collected from the whole will, must always control particular expressions.*" Now, what is the apparent intention of this testator, Elisha Burrows, Senior, as gathered from the provisions of the will? The devisee, it is admitted, was his only child and heir-at-law. Nothing can be more clear than that the father intended that his father, John Burrows, should enjoy the income of the property during his life; and upon his death, it should vest in the plaintiff's testator, and he to have the absolute possession thereof on his attaining the age of twenty-one years. We think it was also his intention, that he should have the estate on his marriage and having children, even if those events happened before he attained the age of twenty-one years, subject, of course, to be divested if he died before attaining that age. It cannot be justly argued that the intention of the testator was to deprive the plaintiff's intestate of the use and enjoyment of this property, after he arrived at the age of twenty-one years, until he got married and had children. In other words, he was to be kept out of its use until both these last named events should happen. It may be remarked, that the estate is not devised over on any such contingency; and it may well be assumed,

that the testator did not intend to deprive his son of the enjoyment of it if both of these events should not occur. No difficulty or doubt can remain as to the true construction of this clause of the will if we read the clause, "*or* becomes married," &c., instead of "*and;*" and if, to effectuate the intention of the testator, such reading becomes necessary, we have an abundance of authority for so doing. The history of the course of decisions on this subject in England is given by Chief Justice KENT, in *Jackson* v. *Blansham* (6 Johns., 56). In *Price* v. *Hunt* (Pollex., 645), the devise was to the son, in fee, with a remainder over, depending on the same contingency, of his dying before the age of twenty-one, or without lawful issue. The son arrived to full age, but died without issue. The remainderman claimed the estate, and brought an eject-ment against the heir-at-law of the son. Lord Chief Justice POLLEXFEN has penned a very able argument in favor of the defendant, and which he delivered himself; and the judgment was given for the defendant. It was admitted that the word *or*, if taken in its proper grammatical sense as a disjunctive, might subvert the plaintiff's title; but it was contended for as an established rule, that the words *or*, and *and*, are not, in deeds and wills, to be always held to a strict grammatical sense; but *or* is to be taken for *and*, and *and* is to be taken for *or*, as may best comport with the intent and meaning of the grant or devise. The doctrine was not, however, definitely settled in England until the decision of *Fairfield* v. *Morgan* (5 Bos. & Pull., 38), in 1805, which was brought from the King's Bench, in Ireland, to the House of Lords. A devised lands to B; but if he should die before he attained the age of twenty-one, or without issue living at his death, then a devise over to C. B attained the age of twenty-one, and died without issue. It was held, first in the C. B., then in the King's Bench, in Ireland, and finally in the House of Lords, in England, that *or* must be construed as *and;* and that the devise over to C did not take effect.

In *Jackson* v. *Blansham* (*supra*), the question was on the con-struction of the words in a will: "But if any one or more

of my above named children die before they arrive at full age, or without lawful issue, that then, his, her, or their part or share of my estate shall devolve upon, and be equally divided among, the' rest of my surviving children." Mathew, one of the sons, died without lawful issue after he was of full age; and the court held it was settled, that the devise to Mathew became absolute as soon as he arrived at the age of twenty-one, though he had no lawful issue, and that the devise over did not take effect. Chief Justice KENT added: "It is now to be hoped that the question, in the construction of these words in a will, will never hereafter be revived. It is important that when a question of this kind has become once settled (and it is almost immaterial which way), that it should not be disturbed, for it grows into a landmark of property."

It is to be regretted, that after the rule has been settled and recognized in this State for fifty years, that it should again be reopened for discussion. We think the rule, as thus settled, should be adhered to; and that, in all cases, *or* is to be taken for *and*, and *and* is to be taken for *or*, as may best comport with the intent and meaning of the grant or devise. We think the intent of the testator is clearly deducible from the whole tenor of this will; that his son was to have the estate absolutely on his attaining the age of twenty-one; and that it was not suspended until he became married and had children. We think, therefore, in this case, we may read the word "*and*," before the words "becomes married," "*or*;" and then the estate has become absolutely that of the plaintiff's intestate, and a good title can be made to the defendant thereto.

Judgment should have been given in the Supreme Court for the plaintiff on the demurrer.

Judgment reversed.