Day, J.
Two questions are presented for our determination: First. Was the case appealable? If so — Second. Was the plaintiff a devisee under the will?
1. The statute under which the appeal was taken provides that “ civil actions,” in which, neither party has the right to demand a trial by jury, may be appealed. A proceeding under the special act to provide for the partition of real estate, not being a civil action, is not appealable. Barger v. Cochran, 15 Ohio St. 460.
Rut this case is not a proceeding under that act. Its provisions have not been pursued, nor are they adequate for the object sought to be attained. The code of civil procedure has been pursued in the case, and, in every respect, it purports to be a civil action. Moreover, the special statutory mode of obtaining partition, never was exclusive of that in equity, by civil action under the code. Partition was always a subject of equity jurisdiction, especially where the case involved the settlement of questions peculiarly cognizable in courts of equity.
The case involved the construction of a will, upon which the right to the partition sought depends, and for an ac- ■ count of rents, if the plaintiff was entitled to partition. It was not a case for partition merely, and therefore could not properly have been brought under the partition act. It was, then, a proper case in which to invoke the equitable aid of the court in procuring the partition and account sought.
The action being for partition and an equitable account incident thereto, and not for the recovery of money or specific real property, neither party had the right to demand a jury trial; therefore, the case was appealable.
2. This brings us to a consideration of the question which determines the merits of the case: Whether the plaintiff ■can derive title to the land in dispute, as devisee under the will of his grandfather, or can claim only as heir of his *134 father? To settle this question, it must be determined whether the will gives to the children of the testator a. vested or contingent estate, and this depends on the construction to be given to the will.
The controlling principle in the construction of wills, is the ascertainment of the intention of the testator. But where the intention remains in doubt, resort must be had to settled rules of construction for aid in the solution of the-difficulty.
It is well settled that the law favors the vesting of estates,, therefore: “ In the construction of devises of real estate, ‘ it has long been an established rule for the guidance of the court, that all estates are to be holden to be vested, except estates in the devise of which a condition precedent" to the vesting is so clearly expressed that the courts cannot treat them as vested without deciding in direct opposition to the terms of the will.’ (Per Best, C. J., Duffeld v. Duffeld, 1 Bow. & Cl. 311.) To accomplish this, words of seeming condition are, if possible, held to have only the-effect of postponing the right of possession ; and if the-devise be clearly conditional, the condition will, if possible, be construed as a condition subsequent, so as to confer an immediately vested estate, subject to be divested on the happening of the contingency.” Hawkins’ Treat, on Wills, *237.
Accordingly, it has long been settled that a devise to one when hq shall arrive at a given age, with the intermediate-estate devised to another, vests immediately on the death» of the testator, and is not defeated by the death of the devisee before the specified age. It is a vested remainder. The words of futurity, importing contingency, are not regarded as a condition precedent, or as postponing the pieriod of vesting, but as specifying the time when the remainder man is to take possession. Hawk, on Wills, *237; Powell on Devises, *215 ; 2 Red. on Wills, ch. 2 ; Boraston’s case, 3 Co. 18; Tayloe v. Mosher, 29 Md. 443; Minning v. Ratdorff, 5 Penn. St. 503 ; Collier’s will, 40 Mo. 287 Roome v. Phillips, 24 N. Y. 463; Danforth v. Talbot, 7 B.. *135 Monroe, 623; Rivers v. Fripp, 4 Rich. Eq. 276; Watkins v. Quarles, 23 Ark. 179; Harris v. Alderson, 4 Sneed, 250.; Hancock v. Titus, 39 Miss. 224.
The testator, in the will before us, devises his whole estate to his wife, until his youngest son, Thomas, arrives at the age of twenty-one, “ when” he directs it to be “ divided amongst all his children then living, or their heirs.” So far as relates to the time of division, it is clear, upon the controlling principle of the foregoing authorities, that the estate must be regarded as having vested in the children of the testator at his death. They then had the right to the estate, although its enjoyment was postponed until the youngest child became of age. This view favors the vesting of the estate, it is true, but so far as relates to the time of the division, it is not irreconcilable with the terms of the will.
Moreover, there does not appear to have been any intent to postpone the right of his children to an immediate title to the estate, but the postponement of possession was merely to let in an intermediate estate for a term of years to the testator’s wife, which was not inconsistent with a vested right of the children in the remainder. Bequests of personalty of this character vest immediately, and, on the death of the legatee, during the intermediate estate, pass to their representatives. (Haw. on Wills, [*232], and numerous cases cited by the Am. ed.) Much more would the same principal favor the immediate vesting of devises of realty.
There is then no doubt but that the estate vested in the children of the testator at his death, unless the words, “ then living or their heirs,” in the clause directing the division, changes the case and makes the estate contingent.
No other indication is contained in the will of an intention to create a condition precedent to the vesting of the estate. Nor do we think the testator so intended by this clause, for he does not thereby impose any condition of survivorship, nor give to his children then living any advantage thereby, in the view we take of the meaning of the *136 words “ or their heirs.” Those words, in a sense, it is true, might refer to the living children, and thus operate as a condition subsequent, divesting a child who might die before the period named. But we do not regard that as being the meaning of the testator. In a strict sense, the children living at the time mentioned, could not then have heirs. The word “ their,” in the disjunctive phrase, “ or their heirs,” evidently does not refer to the living children, but relates to children in the mind of the testator not expressed, who, he supposed might be dead at the time of the division, and he intended to provide thereby, if that should occur, that it should make no difference in the division of the estate amongst “ all” his children. Nor was it designed to create thereby a new class of beneficiaries, but to recognize the right of inheritance to his estate from any of his children who might then be dead — that is to -say, in case of the death of one of his children, his share was not to go to the survivors, but to be considered as if inherited by the heir of the deceased, for the word “ heirs,” unless the contrary plainly appears, is a word of limitation and not of purchase, nor can it be changed from its proper meaning, as importing inheritance, to defeat the vesting of an estate, unless it was clearly intended by the testator to use it as a word of purchase, designating a new class of beneficiaries. "We think it was not so used in this will. Brasher v. Marsh, 15 Ohio St. 103; Patterson v. Hawthorn, 12 S. & R. 114; McGill’s Appeal, 61 Penn. St. 50.
It is reasonable to presume that the testator had in view the disposition which the law makes of intestate estates. His only purpose in making a will seems to have been to change the rights secured by law to his wife, and perhaps thereby through her to benefit his minor children, mother, and sisters. He therefore gives her the use of his whole estate for a term of years, but makes no disposition of the title or remainder during that time, further than what may be implied by the direction that the whole estate shall be divided amongst all his children. He carves out a special limited estate, and says only enough more to indi *137 ■cate a purpose to leave all else to go as it would be disposed of by the law of descents and distribution. It is apparent that the same equality among his children that is provided by the law was contemplated by him, subject to the provision made for his wife. He makes no disposition, of his estate on the contingency that his wife should decline to take under the will, or marry, or die as she in fact did, before the youngest child came of age. It can not be supposed that, in either event, he intended to delay the right of his children to the estate until the youngest became of age, and that it should remain undisposed of. He undoubtedly regarded the estate as vested or belonging to his children, and that they would come to its enjoyment whenever the special estate, for any reason, ceased. This theory only will give effect to the apparent understanding of the testator, and effect his intention of securing his estate, subject to the bequest to his wife, equally to all Ms children, whether living or dead at the time of division. This view of the will effects a vesting of the estate, as favored by the law, and does no violence to its provisions; while a contrary view, regarding the remainder to the children as contingent, leaves the estate but partly or loosely disposed of; renders it partial and not equal toward the testator’s children; converts words of limitation to words of purchase upon a doubtful construction of words; renders the will more doubtful, and less in accordance with the natural and fairly apparent intention of the testator.
Nor does the vesting of the estate encounter any serious difficulty for want of an express devise to the children. The required division implies a gift which as effectually carries the estate to them as an express devise would take it. Nor does the rule, sometimes applied to the vesting of legacies bequeathed only by a direction to pay or divide, which fixes the vestiug at the time of payment or division, apply to devises of real estate; for, as said by Gibson, J., in Kinsey v. Lardner, 15 S. & R. 192: “ The distinction between merely appointing a time for the payment of a legacy, and annexing the time to the very substance of the *138 gift, is borrowed from the civil law; and the rale of construction, which in this particular governs cases of legacies, is inapplicable to cases of devises, which are governed by the common law.”
This, then, is only another case where a testator used nearly the same words in regard to the division of his estate amongst all his “ children then living, or their heirs,”' which were employed in the will in Brasher v. Marsh, supra, without intending in this case, as was not intended In that, to create a contingent estate.
"We are therefore constrained to hold that the plaintiff can not be regarded as a devisee under his grandfather’s - will; that his father had an indefeasible title to the land in dispute; and that his father, having conveyed it to the grantor of the defendants, the plaintiff’s claim of title thereto wholly fails. It follows that the demurrer to the-petition must be sustained, and the petition dismissed.

Judgment accordingly.