WILBUR *et al.* vs. McNULTY *et al.*

EQUITY, FROM CHATHAM. Deeds. Estates. Trusts. Title. Remainders. (Before Judge Adams.)

[Jackson, C. J.; being disqualified, Judge Roney, of the Augusta cir-cuit, presided in his stead.]

Roney, J.—In 1857, a deed was made, whereby certain realty was conveyed upon the following trusts : "Upon condition and trust, never-theless, that the said Levi W. Bates will permit Eunice Copp, wife of me the aforementioned Daniel D. Copp, to hold and possess the same during her natural life, and to receive the rents, issues and profits there-of during her said life, not subject to the debts, contracts or engagements

of her present or any future husband, with whom she may intermarry; and from and after the death of the said Eunice, in further trust that he, the said Levi W. Bates, his heirs, executors, administrators will convey the same to the children of the said Eunice, share and share alike, if more than one, to them, their heirs and assigns forever, free from any trust; and in default of any such children, then in further trust to convey the same to such person or persons as the said Eunice may direct by her last will and testament, or by instrument in the nature thereof to be signed in the presence of three or more credible witnesses; and in default of such direction and appointment then in further trust to convey the same to such person or persons as may be entitled thereto, according to the provisions of the statute of distribution of the state of Georgia, and to and for no other use, intent and purpose whatsoever, and it is mutually covenanted and understood by and between the parties to these presents, that it shall be lawful for the said Levi W. Bates, upon the written request of the said Eunice, to be signed in the presence of two or more credible witnesses, to sell and dispose of the aforementioned premises to such purchaser or purchasers, and upon such terms as may seem to him most advantageous, for the interests of the trust, he, the said Levi W. Bates, or his successor in the trust, investing and preserving the proceeds upon the same uses and trusts as are hereinafter specified, and in such manner as may seem to him, in the exercise of a fair and reasonable discretion, to be beneficial to the interest of the trust, but the purchaser of purchasers shall not be bound to look to such reinvestment." This deed appeared to be a reinvestment under a deed of trust made in 1840 upon exactly the same trusts. In 1840 the wife (Eunice) had but one child. In 1857, when the second trust deed was made, she had five. In 1883 she died, leaving one child surviving. The trustee conveyed the property to this child, and the husbands and children of daughters who died before the life tenant, but after the making of the deed in 1857, filed their bill claiming a remainder interest:

Held, that the deed conveyed the fee to the trustee, to hold for the use of the grantor's wife for life and with remainder to her children. The children living at the date of the delivery of the deed took a vested remainder, subject to open upon the birth of other children and admit them also as remaindermen in fee; but such children as might die before before the life tenant were not divested of their interest, and their children would be entitled to take in their stead. Code, §§ 2263, 2264, 2265; 4 Kent Com., 202; 5 Wall., 288; Code, §§3456, 3804; 4 Johns., 61; 4 Ga., 377, 461; 72 Id., 850; 29 Id., 651; 2 Jar. Wills, 416 et seq; 7 Metc., 375; 10 Pick., 463; 24 N. Y., 465; 13 U. S., 378; Code, § 2268.

Judgment affirmed.

Jackson & Whatley; Jackson & King, for plaintiffs in error.

J. Sausey; Garrard & Meldrim, for defendants.