BARRETT, J.
—The will of Mary L. Todd, the validity fo ■which is the only substantial question on this appeal, presents, when all its provisions are compared, a fairly plain and consistent scheme. The first and second clauses provide that husband and daughter shall each have half the income of the estate for life. The third clause discloses the general intention that at the end of these life estates the property shall go to the daughter’s children, if any, when of age. The fourth clause enlarges the daughter’s rights, if she outlives the husband, by giving her all the income for life from the time of his death. It reasserts the right of her children to the remainder, and, if there are no children, gives such remainder to her cousins. The fifth clause provides that should the daughter die first, leaving no children, the estate shall go to the husband for life, and at his death to the nieces and nephews ' of the testatrix. Read by itself, and literally, this clause disposes of nothing, except in one contingency,—the predecease of the daughter without children. Read, however, in connection with the prior provisions of the will, it is abundantly plain that the condition of the daughter’s leaving no issue was meant to affect only the remainder given to the nieces and nephews, and not the additional half of the income to go to the husband. The husband acquired similar rights by the fifth clause to those which the daughter acquired by the fourth. Talcing the will as a whole, the following is the true construction of the provisions: (1) That the husband and daughter shall each have .half the income of the estate during their joint lives, and, unon the death of either, that the survivor shall, for the rest of his or her life, have the share of the decedent; (2) that after the expiration of these life estates the estate shall go to the daughter’s issue, at the age of twenty-one; and (3) that, in default of such issue, it shall go to the cousins of the daughter, being the nieces and nephews of the testatrix. A somewhat different construction is urged upon us by counsel, viz. that, if the husband should die first, then, by the terms of the fourth clause, the children take at once upon' the daughter’s death, and that only in the event of the daughter’s dying first is their taking postponed till their majority. This is not a harmonious view of the general scheme of the will. The third clause should be considered in connection with the fourth clause, as much as with the fifth. If it may supply a deficiency jn the fifth clause by its display of intention that the children shall have the first right to the remainder, it ought also to be permitted to „ .qualify the fourth clause by showing how they shall‘take that remainder. '
This brings us to the consideration of the question as to the validity of the third clause. It seems to be the unanimous opinion of counsel that this clause, as it stands, violates the statute against perpetuities. The respondents seem to concede that the will can be sustained only by treating the provisions of the third clause as an alternative contingency, distinct and separable from those provisions which do not violate the statute. The appellants, upon the other hand, invoke the doctrine that, to render future estates valid, they must be so limited that in every possible con *646 tingency they will absolutely terminate within the statutory period. We deem it unnecessary to pass upon these contentions, for the reason that in our judgment the clause in question does not violate the statute against perpetuities. Ho rule of con struetion was earlier or more firmly fixed in the English law than the one that a gift or devise to a person at his majority, or a direction of. payment or transfer to him at that time, imported a condition subsequent, not precedent, which permitted the vesting of the estate or interest, and merely defeated it on the nonfulfillment of the condition. Boraston’s Case, 3 Coke, 19; Edwards v. Hammond, 3 Lev. 132; Bromfield v. Crowder, 4 Bos. & P. 313; Hunt v. Moore, 14 East, 601; Doe v. Newell, 1 Maule & S. 327 ; Goodtitle v. Whitby, 1 Burrows, 228; Farmer v. Francis, 9 Moore, 310; Greet v. Greet, 5 Beav. 123. These cases are distinguishable from the case at bar in the feature, present in most of them of a limitation over in case the taker should during minority. Jarman, in his work on Wills, has declared this to be an essential feature of the doctrine. 1 Jarm. Wills (5th Ed.) p. 809, But the cases hardly bear him out in this view. Indeed, this feature was absent in Boraston’s Case, which was the fountain head of the doctrine. In Roome v. Phillips, 24 N. Y. 463, there is a quasi recognition of the distinction made by Jarman. Judge Davies there stated the rule as follows (page 465):
“A devise to A. in fee, when he attains the age of twenty-one years, becomes a vested remainder provided the will contained an intermediate disposition of the estate, or of the rents and profits during the minority'of A., or it directed the estate to go over in the event of A. dying under age.”
- The will there contained such a limitation over, so that the precise question here presented was not decided, nor was it intimated in distinct language that the result would have been different but for the limitation over. This rule was extended by Rapallo, J., in Manice v. Manice, 43 N. Y. 303;, so as to cover cases where there is no limitation over. There the testator directed his trus^ tees, after the termination of an estate for the life of the widow, to sell certain property, have the rest appraised, divide the whole into 12 equal parts, and pay over to each of his sons and daughters a specified number of such parts. -There was limitations over in case of death before the division. The learned judge showed conclusively (pages 365, 366) that the nondisposition of the rents and profits intermediate the death of the widow and the creation of the*shares (a marked feature of the present case) was the strongest possible indication that the right of the children vested at once since thus the right to the income would attach thereto, and be disposed of. “But for the alternative provisions in this will,” said the learned judge (page 370), “providing for the contingencies of death of sons and daughters before the division, there can be no doubt that an indefeasible estate in remainder was created by the will in favor of each son, which vested in him immediately upon the death of the testator, and which would pass to his heirs or assigns if he died or conveyed before the death of the widow. *647 * -» These remainders were limited upon the precedent trust estate, for the life of the wife, and upon her death, each would be seised and possessed of an undivided interest in the, realty and personalty, subject only to the exercise of the power of division and sale given to the executors.” Proceeding to consider the effect of these limitations, he decides that they do not alter the result which he has described. This reasoning would seem to dispose of the point in question, notwithstanding the existence there of an ulterior limitation. But there is a later case, more closely in point, and one which is quite decisive. Radley v. Kuhn, 97 N. Y. 26. There, after an estate to G. for life, it was provided that, “if he should die leaving any lawful children, ‘the said real estate * * * is to become theirs in fee when they arrive at the age of twenty-one, and the same is devised accordingly.” There was no limitation over. It was held that on O.’s death the estate vested absolutely in his children, and' if they died under age, in their heirs. Rapallo, J., states the rule without qualification (page 35): “It is well settled that an-estate in land is devised to an infant ‘when he attains the ages of twenty-one years, his attaining that age is not a condition precedent to the vesting of his estate, but a simple postponement of the period at which he shall take possession. He takes a vested fee.” If he adds, there is a contingent limitation over in case he does not attain majority, it does not prevent the vesting of the fee in the first devisee, but merely renders such fee defeasible by condition subsequent. * * * " When, therefore, as in the present case, there is no such contingent limitation over, the devisee or devisees to whom the land is given ‘when they become of age’ take an absolute and indefeasible fee, and in case of their dying under ago the fee vests in their heirs, and not in the heirs of the testator.” The direction to divide which is found in the present will makes aven plainer the intention to postpone the enjoyment merely, and so gives still stronger reason for applying the rule, boardly stated in Manice v. Manice, 43 N. Y. 380, that where nothing is interposed between the infant and his enjoyment of the possession of the estate, except his own minority, he has a vested estate. It is plain, therefore, that provision for the children, as it stands, is valid.
, The referee was quite”right in ignoring the grant to Gilbert M. Todd. The grantee could no more, after the filing of the lis pen-dens, obtain a title from a party to the action which would be superior to and supersede the judgment, by means of a power of sale contained in a will, than he could by a transfer of an interest held by the grantor in his individual capacity. As to the defense of a prior action pending to partition the same property, it is enough to say that none of the appellants pleaded the fact, or raised the point at the trial.
The judgment- correctly determined the rights of the parties in the premises. There is no other valid reason for assailing it, and it should be affirmed, with costs to the plaintiff and to the guardian ad litem for the infant defendants Shannon to be paid out of the fund. All concur.