PROSSER, *Appellant*, v. HARDESTY.

**Will, Construction of:** REMAINDER.  A testator devised land to his
two minor children and their heirs forever, to each an undivided
half.  He made provisions for its management by his executor
during their minority, but declared that when both arrived at the
age of twenty-one years the land was to be exclusively under their
control, and to be their property.  The will then provided that,
should either of his said children die before coming of age, *or* with-
out heirs of their body, the whole property should go to the survi-
vor, but should either die, leaving heirs of *his* or her body, his or
her undivided half should be the property of such heirs.  If both
of said children should die before coming of age, without heirs of
their body, the land should be divided among testator's other
children.  *Held* that there was a remainder only in case of the
death of one or both of the children before coming of age without
issue, and, therefore, both having come of age and disposed of the
property, and one of them having thereafter died, her child had
no interest in the property.

*Appeal from Platte Circuit Court.*—HON.  J.  M.
SANDUSKY,  Judge.

AFFIRMED

*James W. Coburn, C. H. Hillix* and *C. O. Tichenor*
for appellant.

(1.) The true inquiry is not what the testator
meant to express, but what the words used do express.
*Couch v. Eastham*, 29 W. Va. 788 ; *Stokes v. Van
Wyck*, 83 Va. 729.  Words cannot be put into a will,
even to meet an unforeseen state of affairs.  1 Redfield
on Wills, 437.  (2)  Where the testator uses a word in
a certain sense several times, the presumption arises
that he also used it in the same sense at other times,
unless the context shows to the contrary.  *McMurray
v. Stanley*, 69 Texas, 231 ; 2 Jarman on Wills, p. 842,
rule 18.  (3) Where there are conflicting clauses or

expressions, the latter must prevail, being supposed to be the expression of the latest wish of the testator. *Schreiver's Appeal*, 53 Penn. 106; *Hendershot v. Shields*, 42 N. J. Eq. 318; *Covert v. Sebern*, 73 Ia. 564, and cases cited. (4) An estate as devised in one portion of a will may be cut down by subsequent clauses of a will; the language, however, must be strong and clear to allow it. (5) The words of a will are rarely changed, not even "and" for "or," and then only to effect the evident intent of the testator, and never to effect what might in itself seem more just or reasonable. *Ely v. Ely*, 20 N. J. Eq. 48.

*Wilson & Wilson* and *Anderson & Carmack* for respondent.

(1) The word "or" in the second clause of the will should be read "and." *Jackson v. Blanshan*, 6 Johnson, 54; 1 Jarman on Wills [5 Am. Ed.] sec. 306; *Carpenter v. Heard*, 14 Pick. 449; *Jackson v. Reeves*, 1 Wendell, 338. (2) The third clause of the will strongly confirms the position that it conforms to the intention of the testator that "or" in the preceding clause of the will should be read "and." In the third clause, he provides for a disposition of the estate when both the devisees should die. Here the question is presented to him pure and simple, divested of all cross devises in the case of the death of one and not the other. "If both the devisees should die before arriving at age without lawful heirs of their body, then said real estate shall be divided among my other children."

BRACE, J.—The plaintiff sues in ejectment to recover the undivided half of a quarter section of land in Platte county. She is the only child of Elizabeth Prosser, *nee* Elizabeth Cox, daughter of William Cox, who was the owner of said land, and who by his last will and testament disposed of said land by the following clause in his will: "I give and bequeath to my

Prosser v. Hardesty.

two children Pilgrim Cox and Elizabeth Cox and to
their heirs forever my tract of land lying and being
in Platte county, Missouri, described as follows:
The northwest quarter of section 32 of township 54 of
range 35, in the district of lands subject to sale at
Plattsburg, containing one hundred and sixty acres,
each of said children to have an undivided half of said
real estate, it being placed under exclusive control of
my executor who is to manage said real estate and
receive the rents of the same and apply them to the
maintenance and education of my said children, and
when both of the said children arrive at the age of
twenty-one then the land is to be exclusively under the
control and to be the property of said Pilgrim and
Elizabeth Cox. Should either of the said children die
before coming of age or without heirs of their body,
then the whole of said real estate is to go to the surviv-
ing child and his or her heirs forever, but should either
die leaving heirs of his or her body, then the undivided
half herein bequeathed to him or her, shall be the prop-
erty of such heirs. If both of said children should die
before arriving of age without lawful heirs of their
body, then said real estate shall be equally divided
among my other children."

The facts are agreed upon. The said Pilgrim and
Elizabeth Cox who were minors at the time the will was
executed, both lived to become of age, and thereafter
sold and executed deeds for the land, and the defendant
has acquired their title. The said Pilgrim is still living.
The plaintiff, as the only daughter and bodily heir of
said Elizabeth who died after she had parted with her
title, claims, that the undivided half of the real estate
described in the will was thereby devised to her mother
for life only, remainder in fee to her, and that she is,
therefore, the owner of it. The trial court found for
the defendant, and she appeals. The only foundation
for this claim is the existence of the word "or" in a

provision of the will made in contemplation of a contingency which never happened.

By the first paragraph of the will the testator in express terms devises the land in question to his two minor children Pilgrim and Elizabeth Cox, to each an undivided half in fee simple absolute; makes provision however for its control and management during their minority, but as if to leave no doubt of his intention as to their rights in respect thereof he expressly declares, that when both of said children arrive at the age of twenty-one years the land is to be exclusively under their control and *to be their property*. Having thus disposed of the property, in the contingency of his children living to maturity, he then seems to have bethought himself that they might die in infancy, and to meet this contingency makes provision for a remainder in such event by the second and third paragraphs of the will. The plaintiff claims that by the second paragraph a remainder was created not dependent upon the death of one of his children before arriving at age, but dependent solely upon the death of such child without bodily heirs; to give the will this construction, however, would be to neutralize his intention as expressly declared in the first paragraph of the will, and is itself negatived by the last paragraph in which a remainder is limited after the death of his minor children only in case they die before arriving at age. The evident intent of the testator on the face of the whole will was to provide for a remainder only in case one or both of his minor children died during their minority. By eliminating the word "or" between the words "before coming of age" and the words "without heirs of their body" in the second paragraph of the will, the only doubt as to such intention is removed; the paragraph is then rendered consistent with itself, a meaning is attached to all its words, and as a whole it is then brought into complete harmony with the other provisions in the will of the testator. That it may and ought to be so read is sound

in principle, and is sustained by authority. *Jackson v. Blanshan*, 6 Johns. 54. But as neither of the testator's said children died either in infancy, *or at all without bodily heirs*, there was no remainder raised to be taken by anybody after the death of one or both of such children. In the absence of such contingency, no estate for life only was limited to the plaintiff's mother, and no remainder vested in anybody.

The judgment of the circuit court is right and is affirmed. All concur.